Hearing Date: February 24, 2026
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re:                                                                  Chapter 13

**SLAVKO PEREZ DUZDEVICH,**                            Case No.: 25-35268 (KYP)

                        Debtor.                            NOTICE OF MOTION

------------------------------------------------------x

      **PLEASE TAKE NOTICE** that upon the annexed motion of Scott B. Ugell, Esq., attorney for Debtor, a motion pursuant to 11 U.S.C Section 522(f) will be made to the Honorable Kyu Young Paek at the *United States Bankruptcy Court for the Southern District of New York, located at 355 Main Street, Poughkeepsie, New York 12601* on **February 24, 2026 at 10:00AM** for an Order to void a Judicial Liens on the Debtors' property located at 139 Old Tuxedo Rd Monroe, NY 10950, and for such other relief as the Court deems just and appropriate.

      **PLEASE TAKE FURTHER NOTICE** that responsive papers, if any, are to be filed with the Clerk of the Bankruptcy Court at *355 Main Street, Poughkeepsie, New York 12601*, with a copy served upon Scott B. Ugell, Esq., 151 North Main Street, Ste 202, New City, New York 10956, no later than three days prior to the return date.

Dated: New City, New York
       January 23, 2026

                                                 By:   */s/ Scott B. Ugell*
                                                      Scott B. Ugell, Esq.
                                                      *Attorney for Debtor*
                                                      UGELL LAW FIRM, P.C.
                                                      151 North Main Street, Ste 202
                                                      New City, New York 10956
                                                      Tel: (845) 639-7011
                                                      Fax: (845) 639-7004

1

Hearing Date: February 24, 2026  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  
In re

**SLAVKO PEREZ DUZDEVICH,**

           Debtor.  
-----------------------------------------------------------X

Chapter 13  
Case No. 25-35268 (KYP)

**DEBTOR'S MOTION TO AVOID CERTAIN LIENS IMPAIRING HOMESTEAD EXEMPTION PURSUANT TO 11 U.S.C. SECTION 522(F) AND FOR DECLARATORY RELIEF**

**TO:** **THE HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

Slavko Perez Duzdevich, the above captioned Debtor (the "Debtor "), by his attorney, Scott B. Ugell, Esq., file this Motion ("the "Motion") for an Order deeming all pre-petition, non-consensual and/or judgment liens impairing the Debtor's homestead exemption null and void and or no further force and effect pursuant to §522(f) of Title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully represent and set forth as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §§ 105(a) and 522(f).

2

## BACKGROUND

4. On or about March 13, 2015 (the "Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.

5. Thomas C. Frosts, Esq. was appointed and qualified as Chapter 13 Trustee herein.

6. The Debtor listed on their Schedule A – Real Property their fee simple ownership of their primary Property located at 139 Old Tuxedo Rd Monroe, NY 10950 (the "Property").

7. The Debtor was the purchaser of the Property and continues to reside in the Property.

8. Select Portfolio Servicing, Inc. is the holder of a first mortgage on the Property in a claimed amount of $296,399.52 as set forth in Proof of Claim No.6 **Exhibit A**.

9. The second mortgage is held by CitiMortgage, Inc. and serviced by Cenlar against the Property in an estimated amount of $54,827.22 as set forth in Cenlar Proof of Claim **Exhibit B**.

## RELIEF REQUESTED AND BASIS FOR RELIEF

10. This motion seeks declaratory relief from this Court declaring all pre-petition non-consensual and/or judgment liens obtained by creditor against the Debtor (the "Lien") be deemed null and void and of no further force and effect to the extent the Liens impair the Debtors' homestead exemption to which the Debtor are entitled to their interest in the Residence, or with respect to interest in any and all real property which the Debtor might hereafter acquire

11. 11 U.S.C. Section 522(f) (1) (A) states as follows:

> Notwithstanding any waiver of exemptions, but subject to paragraph (3), the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this section, if such lien is –

3

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or --

(B) a nonpossessory, nonpurchase-money security interest in any –

(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

12. The following non-consensual judgments (the "Judgment Lien") against the Debtor has been established against the Property. A copy of The Judgment filed by Lien Partnership 92 West, L.P., in the amount of $345,159.77 with Index No. 657027/2022 is annexed hereto as **Exhibit "C"**.

13. Cavalry SPV I, LLC in the amount of $30,517.77 with Index No. ef000351/2023 also has a non-consensual judgment (the "Judgment Lien') against the Debtor has been established against the Property. A Proof of Claim was filed by Cavalry Portfolio Services, LLC on April 15, 2025 in the amount of $31,400.70 (Claim 3). A copy of the Statement for Judgment filed by Lien Cavalry SPV I, LLC $30,517.77 **Exhibit "D"**.

14. The Comparative Market Analysis of the Property, according to a real estate valuation done prior to the debtors' bankruptcy filing, values the property at $569,000.00. A copy of the Comparative Market Analysis for the Property is annexed hereto as **Exhibit "E".**

15. The value of the first mortgage ($296,399.52).

**16.**     The value of the second mortgage ($54,827.22).  With the added expense of the second mortgage the two liens equal $351,226.71.  With the judgment liens attached to the property as well this exceeds the equity the debtor has in the property.  It also prevents the Debtor the fresh start he is entitled to as per the homestead exemption.  As such the judicial liens with Partnership 92 West, L.P., judgment amount $345,159.77 and Cavalry SPV I, LLC judgment amount $30,517.77 should be avoided.

17.     The judgment liens impair the Debtors' homestead exemption.

18.     The Debtor is currently in the process of attempting to rectify his financial condition and should be afforded every relief necessary to effectuate same.  However, the recording of the foregoing judgments as a lien against the Property creates an obstacle to the fresh start that every debtor is entitled (see 11 U.S.C Section 522(f) (1)(A).  Accordingly, the Debtor respectfully request that this Court declare that Judgment Liens be deemed null and void and of no further force and effect with respect to the Property or to any property in which the Debtor may acquire an interest and to direct all judgment creditors and lien holders listed above to execute any and all documents necessary to strike the Liens off the public records.

## NOTICE

19.     Notice of this Motion has been provided to (i) Office of the United States Trustee; (ii) Thomas C Frost, Chapter 13 Trustee; (iii) Partnership 92 West, L.P., Mitchell A. Nathanson, Esq. of The Nathanson Law Firm LLP., Cavalry SPV I, LLC, and Girvin & Ferlazzo, P.C., (iv) all interested parties. The Debtor submits that said notice is

adequate and proper.

## CONCLUSION

20.      For all of the foregoing reasons, the Debtor respectfully request entry of an order, substantially in the form annexed hereto as **Exhibit "F"**.

**WHEREFORE**, the Debtor prays for the avoidance of the non-consensual and/or judicial liens, together with such other and further relief as is just under the circumstances.

Dated: New City, New York
      January 23, 2026

UGELL LAW FIRM, P.C.
*Attorney for the Debtor*
151 North Main Street
Suite 102
New City, NY 10954
(845) 639-7011

By: */s/ Scott B. Ugell, Esq.*
    Scott B. Ugell, Esq.