# EXHIBIT A

**UGELL LAW FIRM, P.C.**

**151 North Main Street**

**Suite 202**

**New City, New York 10956**

**(845) 639-7011**

25-35268-kyp    Doc 28-1    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit A SPS
25-35268-kyp    Claim 6    Filed 08/13/25    Pg 1 of 48
Proof of Claim 6   Pg 2 of 33

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Slavko Perez Duzdevich |
| Debtor 2 (Spouse, if filing) | - |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number | 25-35268-kyp |

## Official Form 410
# Proof of Claim

**12/24**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.**Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 <br> Name of the current creditor (the person or entity to be paid for this claim) <br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☒ No <br> ☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Select Portfolio Servicing, Inc. <br> Name <br><br> P.O. Box 65250 <br> Number    Street <br><br> Salt Lake City    UT    84165-0250 <br> City    State    ZIP Code <br><br> Contact phone   Tel # 1-800-258-8602 <br><br> Contact email   N/A <br><br> Uniform claim identifier (if you use one): <br> _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent? (if different)** <br><br> Select Portfolio Servicing, Inc. <br> Name <br><br> Attn: Remittance Processing, P.O. Box 65450 <br> Number    Street <br><br> Salt Lake City    UT    84165-0450 <br> City    State    ZIP Code <br><br> Contact phone   Tel # 1-800-258-8602 <br><br> Contact email   N/A |
| 4. Does this claim amend one already filed? | ☒ No <br> ☐ Yes. Claim number on court claims registry (if known)_____  Filed on _____ MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claims? | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ |

25-35268-kyp    Doc 28-1    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit A SPS
Proof of Claim 6, Pg 3 of 33
25-35268-kyp    Claim 6    Filed 05/19/25    Pg 2 of 48

**Part 2:** Give Information About the Claim as of the Date the Case was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:      <u>3002</u> |
| **7. How much is the claim?** | <u>$296,399.52</u>      **Does this amount include interest or other charges?**<br>      ☐ No<br>      ☑ Yes. Attach statement itemizing interest, fees, expenses, or other<br>            charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claims?** | Example: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br><u>Money loaned</u> |
| **9. Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:** 139 OLD TUXEDO RD, WARWICK, NY 10950<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle.<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**   <u>Recorded Deed of Trust / Mortgage</u><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                         $_____<br><br>**Amount of the claim that is secured:**     <u>$296,399.52</u><br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** <u>$834.65</u><br><br>**Annual Interest Rate (when case was filed)** <u>6.25000%</u><br>☑ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____ |
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property:_____ |

25-35268-kyp    Doc 28-1    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit A SPS
Proof of Claim 6    Pg 4 of 33
25-35268-kyp    Claim 6    Filed 08/13/25    Pg 3 of 48

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No | |
| | ☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or(a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3: Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C §§ 152, 157 and 3571.** | *Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ___04/03/2025___
                    MM / DD / YYYY |
|---|---|

/s/Suzanne Youssef
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Suzanne Youssef |
| | First name          Middle name          Last name |

| Title | Authorized Agent for Secured Creditor |

| Company | Robertson, Anschutz, Schneid, Crane, & Partners, PLLC. |
| | Identify the corporate services as the company if the authorized agent is a servicer. |

| Address | 13010 Morris Rd., Suite 450 |
| | Number          Street |
| | Alpharetta, GA 30004 |
| | City          State          ZIP Code |

| Contact phone | (470) 321-7112 | Email | syoussef@raslg.com |

## Mortgage Proof of Claim Attachment

(04/16)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Separate instructions.

### Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 25-35268-kyp |
| Debtor 1: | SLAVKO PEREZ DUZDEVICH |
| Debtor 2: | - |
| Last 4 digits to identify: | 3002 |
| Creditor: | Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 |
| Servicer: | Select Portfolio Servicing, Inc. |
| Fixed accrual/daily simple interest/other: | FIXED |

### Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | $301,694.22 |
| Interest due: | $671.58 |
| Fees, costs due: | $0.08 |
| Escrow deficiency for funds advanced: | $0.00 |
| Escrow Balance: | ($5,966.36) |
| Less total funds on hand: | $0.00 |
| Total debt: | $296,399.52 |

### Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal Due: | $0.00 |
| Interest Due: | $0.00 |
| Prepetition fees due: | $0.08 |
| Escrow deficiency for funds advanced: | $0.00 |
| Projected escrow shortage: | $834.57 |
| Less funds on hand: | $0.00 |
| Total prepetition arrearage: | $834.65 |

### Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal and interest: | $1,779.13 |
| Monthly escrow: | $1,267.68 |
| Private mortgage insurance: | $0.00 |
| Total monthly payment: | $3,046.81 |

---

## Mortgage Proof of Claim Attachment: Additional Page

(04/16)

| | |
|---|---|
| Case number: | 25-35268-kyp |
| Debtor 1: | SLAVKO PEREZ DUZDEVICH |

### Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount Incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Amount to Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | $0.00 | | | | | | $306,852.12 | | ($1,376.09) | $0.00 | $3,021.99 |
| 02/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $306,852.12 | | ($1,376.09) | $0.00 | $3,021.99 |
| 02/09/2023 | | $0.00 | | Non-Cash Balance Adjustment | Feb-2023 | $2,944.57 | | | | | | $306,852.12 | | ($1,376.09) | $0.00 | $3,021.99 |
| 02/10/2023 | | $0.00 | | Non-Cash Balance Adjustment | Feb-2023 | $2,944.57 | ($45,226.50) | | | | | $352,078.62 | | ($1,376.09) | $0.00 | $3,021.99 |
| 02/10/2023 | | $0.00 | | Non-Cash Balance Adjustment | Feb-2023 | $2,944.57 | $45,226.50 | | | | | $306,852.12 | | ($1,376.09) | $0.00 | $3,021.99 |
| 02/15/2023 | | $0.00 | | Custom Payment | Feb-2023 | $0.00 | $180.94 | $1,598.19 | $1,165.44 | | ($2,944.57) | $306,671.18 | | ($2,541.53) | $0.00 | $77.42 |

## Mortgage Proof of Claim Attachment: Additional Page

(04/16)

Case number: 25-35268-kyp
Debtor 1: Slavko Perez Duzdevich

### Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | How Funds were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| 03/01/2023 | $2,944.57 | $2,944.57 | | Monthly Payment | | $2,944.57 | | | | | | $306,671.18 | | ($2,541.53) | $0.00 | $77.42 |
| 03/01/2023 | | $2,944.57 | | Modified Payment | Mar-2023 | $2,944.57 | | | | | $2,944.57 | $306,671.18 | | ($2,541.53) | $0.00 | $3,021.99 |
| 03/01/2023 | | ($3,021.99) | | Modified Payment | Mar-2023 | $2,944.57 | | | | | ($3,021.99) | $306,671.18 | | ($2,541.53) | $0.00 | $0.00 |
| 03/01/2023 | | $2,944.57 | | Modified Payment | Mar-2023 | $0.00 | $181.88 | $1,597.25 | $1,165.44 | | | $306,489.30 | | ($3,706.97) | $0.00 | $0.00 |
| 03/01/2023 | | $77.42 | | Curtailment | Apr-2023 | $0.00 | $77.42 | | | | | $306,411.88 | | ($3,706.97) | $0.00 | $0.00 |
| 03/31/2023 | | | $4.94 | Interest on Escrow Credit | | $0.00 | | | ($4.94) | | | $306,411.88 | | ($3,711.91) | $0.00 | $0.00 |
| 04/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $306,411.88 | | ($3,711.91) | $0.00 | $0.00 |
| 04/03/2023 | | $2,944.57 | | Modified Payment | Apr-2023 | $0.00 | $183.23 | $1,595.90 | $1,165.44 | | | $306,228.65 | | ($4,877.35) | $0.00 | $0.00 |
| 05/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $306,228.65 | | ($4,877.35) | $0.00 | $0.00 |
| 05/01/2023 | | $2,944.57 | | Modified Payment | May-2023 | $0.00 | $184.19 | $1,594.94 | $1,165.44 | | | $306,044.46 | | ($6,042.79) | $0.00 | $0.00 |
| 06/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $306,044.46 | | ($6,042.79) | $0.00 | $0.00 |
| 06/01/2023 | | $2,944.57 | | Modified Payment | Jun-2023 | $0.00 | $185.15 | $1,593.98 | $1,165.44 | | | $305,859.31 | | ($7,208.23) | $0.00 | $0.00 |
| 06/30/2023 | | | $33.34 | Interest on Escrow Credit | | $0.00 | | | ($23.34) | | | $305,859.31 | | ($7,231.57) | $0.00 | $0.00 |
| 07/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $305,859.31 | | ($7,231.57) | $0.00 | $0.00 |
| 07/03/2023 | | $2,944.57 | | Modified Payment | Jul-2023 | $0.00 | $186.11 | $1,593.02 | $1,165.44 | | | $305,673.20 | | ($8,397.01) | $0.00 | $0.00 |
| 08/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $305,673.20 | | ($8,397.01) | $0.00 | $0.00 |
| 08/01/2023 | | $2,944.57 | | Modified Payment | Aug-2023 | $0.00 | $187.08 | $1,592.05 | $1,165.44 | | | $305,486.12 | | ($9,562.45) | $0.00 | $0.00 |
| 09/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $305,486.12 | | ($9,562.45) | $0.00 | $0.00 |

(04/16)

25-35268-kyp   Claim 6   Filed 05/13/25   Pg 6 of 48

# Mortgage Proof of Claim Attachment: Additional Page

Case number: 25-35268-kyp
Debtor 1: Slavko Perez Duzdevich

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/01/2023 | $2,944.57 | | | Modified Payment | Sep-2023 | $0.00 | $188.06 | $1,591.07 | $1,165.44 | | | $305,298.06 | | ($10,727.89) | $0.00 | $0.00 |
| 09/12/2023 | | | $1,877.00 | Homeowners/Fire Insurance | | $0.00 | | | $1,877.00 | | | $305,298.06 | | ($8,850.89) | $0.00 | $0.00 |
| 09/14/2023 | | | $9,647.89 | School Tax | | $0.00 | | | $9,647.89 | | | $305,298.06 | | $797.00 | $0.00 | $0.00 |
| 09/29/2023 | | | $32.81 | Interest on Escrow Credit | | $0.00 | | | ($32.81) | | | $305,298.06 | | $764.19 | $0.00 | $0.00 |
| 10/01/2023 | $2,944.57 | | | Monthly Payment | | $2,944.57 | | | | | | $305,298.06 | | $764.19 | $0.00 | $0.00 |
| 10/02/2023 | $2,944.57 | | | Modified Payment | Oct-2023 | $0.00 | $189.04 | $1,590.09 | $1,165.44 | | | $305,109.02 | | ($401.25) | $0.00 | $0.00 |
| 11/01/2023 | $3,399.97 | | | Monthly Payment | | $3,399.97 | | | | | | $305,109.02 | | ($401.25) | $0.00 | $0.00 |
| 11/01/2023 | $3,399.97 | | | Modified Payment | Nov-2023 | $0.00 | $190.02 | $1,589.11 | $1,620.84 | | | $304,919.00 | | ($2,022.09) | $0.00 | $0.00 |
| 12/01/2023 | $3,399.97 | | | Monthly Payment | | $3,399.97 | | | | | | $304,919.00 | | ($2,022.09) | $0.00 | $0.00 |
| 12/01/2023 | $3,399.97 | | | Modified Payment | Dec-2023 | $0.00 | $191.01 | $1,588.12 | $1,620.84 | | | $304,727.99 | | ($3,642.93) | $0.00 | $0.00 |
| 12/30/2023 | | | $5.05 | Interest on Escrow Credit | | $0.00 | | | ($5.05) | | | $304,727.99 | | ($3,647.98) | $0.00 | $0.00 |
| 01/01/2024 | $3,399.97 | | | Monthly Payment | | $3,399.97 | | | | | | $304,727.99 | | ($3,647.98) | $0.00 | $0.00 |
| 01/02/2024 | $3,399.97 | | | Modified Payment | Jan-2024 | $0.00 | $192.01 | $1,587.12 | $1,620.84 | | | $304,535.98 | | ($5,268.82) | $0.00 | $0.00 |
| 01/11/2024 | | | $20.00 | NSF Fee | | $0.00 | | | | $20.00 | | $304,535.98 | | ($5,268.82) | $20.00 | $0.00 |
| 01/11/2024 | | $0.00 | | NSF Reversal | Jan-2024 | $3,399.97 | ($192.01) | ($1,587.12) | ($1,620.84) | | | $304,727.99 | | ($3,647.98) | $20.00 | $0.00 |
| 01/12/2024 | | | $3,298.21 | City Tax | | $3,399.97 | | | $3,298.21 | | | $304,727.99 | | ($349.77) | $20.00 | $0.00 |
| 01/16/2024 | | | $35.58 | Late Charge | | $3,399.97 | | | | $35.58 | | $304,727.99 | | ($349.77) | $55.58 | $0.00 |
| 01/31/2024 | $3,399.97 | | | Modified Payment | Jan-2024 | $0.00 | $192.01 | $1,587.12 | $1,620.84 | | | $304,535.98 | | ($1,970.61) | $55.58 | $0.00 |
| 02/01/2024 | $3,399.97 | | | Monthly Payment | | $3,399.97 | | | | | | $304,535.98 | | ($1,970.61) | $55.58 | $0.00 |

(04/16)

## Mortgage Proof of Claim Attachment: Additional Page

Case number: 25-35268-kyp
Debtor 1: Slavko Perez Duzdevich

### Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/16/2024 | | | $35.58 | Late Charge | | $3,399.97 | | | | $35.58 | | $304,535.98 | | ($1,970.61) | $91.16 | $0.00 |
| 03/01/2024 | $3,399.97 | | | Monthly Payment | | $6,799.94 | | | | | | $304,535.98 | | ($1,970.61) | $91.16 | $0.00 |
| 03/18/2024 | | | $35.58 | Late Charge | | $6,799.94 | | | | $35.58 | | $304,535.98 | | ($1,970.61) | $126.74 | $0.00 |
| 03/25/2024 | | | $30.00 | PROP INSPECTION | | $6,799.94 | | | | $30.00 | | $304,535.98 | | ($1,970.61) | $156.74 | $0.00 |
| 03/29/2024 | | ($30.00) | | BORROWER FUNDS | | $6,799.94 | | | | ($30.00) | | $304,535.98 | | ($1,970.61) | $126.74 | $0.00 |
| 03/29/2024 | | ($20.00) | | NSF Fee | | $6,799.94 | | | | ($20.00) | | $304,535.98 | | ($1,970.61) | $106.74 | $0.00 |
| 03/29/2024 | | ($106.74) | | Late Charge | | $6,799.94 | | | | ($106.74) | | $304,535.98 | | ($1,970.61) | $0.00 | $0.00 |
| 03/29/2024 | | $3,399.97 | | Modified Payment | Feb-2024 | $3,399.97 | $193.01 | $1,586.12 | $1,620.84 | | | $304,342.97 | | ($3,591.45) | $0.00 | $0.00 |
| 03/29/2024 | | $106.74 | | Custom Payment | Mar-2024 | $3,399.97 | | | | $106.74 | | $304,342.97 | | ($3,591.45) | $0.00 | $0.00 |
| 03/29/2024 | | $20.00 | | Custom Payment | Mar-2024 | $3,399.97 | | | | $20.00 | | $304,342.97 | | ($3,591.45) | $0.00 | $0.00 |
| 04/01/2024 | $3,399.97 | | | Monthly Payment | | $6,799.94 | | | | | | $304,342.97 | | ($3,591.45) | $0.00 | $0.00 |
| 04/16/2024 | | | $35.58 | Late Charge | | $6,799.94 | | | | $35.58 | | $304,342.97 | | ($3,591.45) | $35.58 | $0.00 |
| 05/01/2024 | $3,399.97 | | | Monthly Payment | | $10,199.91 | | | | | | $304,342.97 | | ($3,591.45) | $35.58 | $0.00 |
| 05/03/2024 | | | $99.00 | PROP VALUATION | | $10,199.91 | | | | $99.00 | | $304,342.97 | | ($3,591.45) | $134.58 | $0.00 |
| 05/13/2024 | | | $0.08 | Interest on Advances | | $10,199.91 | | | | $0.08 | | $304,342.97 | | ($3,591.45) | $134.66 | $0.00 |
| 05/16/2024 | | | $35.58 | Late Charge | | $10,199.91 | | | | $35.58 | | $304,342.97 | | ($3,591.45) | $170.24 | $0.00 |
| 05/16/2024 | | $3,399.97 | | Modified Payment | Mar-2024 | $6,799.94 | $194.01 | $1,585.12 | $1,620.84 | | | $304,148.96 | | ($5,212.29) | $170.24 | $0.00 |
| 05/31/2024 | | $3,399.97 | | Modified Payment | Apr-2024 | $3,399.97 | $195.02 | $1,584.11 | $1,620.84 | | | $303,953.94 | | ($6,833.13) | $170.24 | $0.00 |
| 06/01/2024 | $3,399.97 | | | Monthly Payment | | $6,799.94 | | | | | | $303,953.94 | | ($6,833.13) | $170.24 | $0.00 |

# Mortgage Proof of Claim Attachment: Additional Page (04/16)

Case number: 25-35268-kyp

Debtor 1: Slavko Perez Duzdevich

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Account Activity | | | | | | How Funds were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| 06/11/2024 | | | $0.49 | Interest on Advances | | $6,799.94 | | | | $0.49 | | $303,953.94 | | ($6,833.13) | $170.73 | $0.00 |
| 06/17/2024 | | | $35.58 | Late Charge | | $6,799.94 | | | | $35.58 | | $303,953.94 | | ($6,833.13) | $206.31 | $0.00 |
| 06/28/2024 | | | $22.32 | Interest on Escrow Credit | | $6,799.94 | | | ($22.32) | | | $303,953.94 | | ($6,855.45) | $206.31 | $0.00 |
| 07/01/2024 | $3,399.97 | | | Monthly Payment | | $10,199.91 | | | | | | $303,953.94 | | ($6,855.45) | $206.31 | $0.00 |
| 07/01/2024 | | $3,399.97 | | Modified Payment | May-2024 | $6,799.94 | $196.04 | $1,583.09 | $1,620.84 | | | $303,757.90 | | ($8,476.29) | $206.31 | $0.00 |
| 07/03/2024 | | | $30.00 | PROP INSPECTION | | $6,799.94 | | | | $30.00 | | $303,757.90 | | ($8,476.29) | $236.31 | $0.00 |
| 07/08/2024 | | | ($30.00) | PROP INSPECTION | | $6,799.94 | | | | ($30.00) | | $303,757.90 | | ($8,476.29) | $206.31 | $0.00 |
| 07/11/2024 | | | $0.52 | Interest on Advances | | $6,799.94 | | | | $0.52 | | $303,757.90 | | ($8,476.29) | $206.83 | $0.00 |
| 07/12/2024 | | | ($0.02) | Interest on Advances | | $6,799.94 | | | | ($0.02) | | $303,757.90 | | ($8,476.29) | $206.81 | $0.00 |
| 07/16/2024 | | | $35.58 | Late Charge | | $6,799.94 | | | | $35.58 | | $303,757.90 | | ($8,476.29) | $242.39 | $0.00 |
| 08/01/2024 | $3,399.97 | | | Monthly Payment | | $10,199.91 | | | | | | $303,757.90 | | ($8,476.29) | $242.39 | $0.00 |
| 08/01/2024 | | $3,399.97 | | Modified Payment | Jun-2024 | $6,799.94 | $197.06 | $1,582.07 | $1,620.84 | | | $303,560.84 | | ($10,097.13) | $242.39 | $0.00 |
| 08/12/2024 | | | $0.54 | Interest on Advances | | $6,799.94 | | | | $0.54 | | $303,560.84 | | ($10,097.13) | $242.93 | $0.00 |
| 08/16/2024 | | | $35.58 | Late Charge | | $6,799.94 | | | | $35.58 | | $303,560.84 | | ($10,097.13) | $278.51 | $0.00 |
| 08/16/2024 | | $3,399.97 | | Modified Payment | Jul-2024 | $3,399.97 | $198.08 | $1,581.05 | $1,620.84 | | | $303,362.76 | | ($11,717.97) | $278.51 | $0.00 |
| 09/01/2024 | $3,076.11 | | | Monthly Payment | | $6,476.08 | | | | | | $303,362.76 | | ($11,717.97) | $278.51 | $0.00 |
| 09/03/2024 | | $3,399.97 | | Modified Payment | Aug-2024 | $3,076.11 | $199.12 | $1,580.01 | $1,620.84 | | | $303,163.64 | | ($13,338.81) | $278.51 | $0.00 |
| 09/11/2024 | | | $0.50 | Interest on Advances | | $3,076.11 | | | | $0.50 | | $303,163.64 | | ($13,338.81) | $279.01 | $0.00 |

## Mortgage Proof of Claim Attachment: Additional Page

(04/16)

Case number: 25-35268-kyp
Debtor 1: Slavko Perez Duzdevich

### Part 5: Loan Payment History from First Date of Default

| A Date | B Contractual Payment Amount | C Funds received | D Amount incurred | E Description | F Contractual due date | G Prin, int and esc past due balance | H Amount to principal | I Amount to interest | J Amount to escrow | K Amount to fees and charges | L Unapplied funds | M Principal balance | N Accrued interest balance | O Escrow balance | P Fees/Charges balance | Q Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/13/2024 | | | $9,762.66 | School Tax | | $3,076.11 | $9,762.66 | | | | | $303,163.64 | | ($3,576.15) | $279.01 | $0.00 |
| 09/16/2024 | | ($99.00) | | Customer Payments | | $3,076.11 | | | | ($99.00) | | $303,163.64 | | ($3,576.15) | $180.01 | $0.00 |
| 09/16/2024 | | | ($2.11) | Interest on Advances | | $3,076.11 | | | | ($2.11) | | $303,163.64 | | ($3,576.15) | $177.90 | $0.00 |
| 09/16/2024 | | | $2,109.00 | Homeowners/fire insurance | | $3,076.11 | | | $2,109.00 | | | $303,163.64 | | ($1,467.15) | $177.90 | $0.00 |
| 09/16/2024 | | | ($177.90) | Late Charge | | $3,076.11 | | | | ($177.90) | | $303,163.64 | | ($1,467.15) | $0.00 | $0.00 |
| 09/16/2024 | | $3,254.01 | | Modified Payment | Sep-2024 | $0.00 | $200.15 | $1,578.98 | $1,296.98 | $177.90 | | $302,963.49 | | ($2,764.13) | $0.00 | $0.00 |
| 09/16/2024 | | $2.11 | | Modified Payment | Oct-2024 | $0.00 | | | | $2.11 | | $302,963.49 | | ($2,764.13) | $0.00 | $0.00 |
| 09/16/2024 | | $99.00 | | Modified Payment | Oct-2024 | $0.00 | | | | $99.00 | | $302,963.49 | | ($2,764.13) | $0.00 | $0.00 |
| 09/16/2024 | | $44.85 | | Curtailment | Oct-2024 | $0.00 | $44.85 | | | | | $302,918.64 | | ($2,764.13) | $0.00 | $0.00 |
| 10/01/2024 | $3,076.11 | | | Monthly Payment | | $3,076.11 | | | | | | $302,918.64 | | ($2,764.13) | $0.00 | $0.00 |
| 10/04/2024 | | $39.03 | | Interest on Escrow Credit | | $3,076.11 | | | ($39.03) | | | $302,918.64 | | ($2,803.16) | $0.00 | $0.00 |
| 10/11/2024 | | | $0.08 | Interest on Advances | | $3,076.11 | | | | $0.08 | | $302,918.64 | | ($2,803.16) | $0.08 | $0.00 |
| 10/16/2024 | $3,076.11 | | | Modified Payment | Oct-2024 | $0.00 | $201.43 | $1,577.70 | $1,296.98 | | | $302,717.21 | | ($4,100.14) | $0.08 | $0.00 |
| 11/01/2024 | $3,076.11 | | | Monthly Payment | | $3,076.11 | | | | | | $302,717.21 | | ($4,100.14) | $0.08 | $0.00 |
| 11/05/2024 | $3,076.11 | | | Modified Payment | Nov-2024 | $0.00 | $202.48 | $1,576.65 | $1,296.98 | | | $302,514.73 | | ($5,397.12) | $0.08 | $0.00 |
| 12/01/2024 | $3,076.11 | | | Monthly Payment | | $3,076.11 | | | | | | $302,514.73 | | ($5,397.12) | $0.08 | $0.00 |
| 12/02/2024 | $3,076.11 | | | Modified Payment | Dec-2024 | $0.00 | $203.53 | $1,575.60 | $1,296.98 | | | $302,311.20 | | ($6,694.10) | $0.08 | $0.00 |
| 12/31/2024 | | $18.71 | | Interest on Escrow Credit | | $0.00 | | | ($18.71) | | | $302,311.20 | | ($6,712.81) | $0.08 | $0.00 |

25-35268-kyp   Claim 6   Filed 05/13/25   Pg 10 of 48

**Mortgage Proof of Claim Attachment: Additional Page**

(04/16)

Case number: 25-35268-kyp

Debtor 1: Slavko Perez Duzdevich

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual Payment Amount | Account Activity | | | | | How Funds were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | |
|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|
| | | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Amount to Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 01/01/2025 | $3,076.11 | | | Monthly Payment | | $3,076.11 | | | | | | $302,311.20 | | ($6,712.81) | $0.08 | $0.00 |
| 01/10/2025 | | | $3,340.41 | City Tax | | $3,076.11 | | | $3,340.41 | | | $302,311.20 | | ($3,372.40) | $0.08 | $0.00 |
| 01/16/2025 | | $3,076.11 | | Modified Payment | Jan-2025 | $0.00 | $204.59 | $1,574.54 | $1,296.98 | | | $302,106.61 | | ($4,669.38) | $0.08 | $0.00 |
| 01/31/2025 | | $3,076.11 | | Modified Payment | Feb-2025 | ($3,076.11) | $205.66 | $1,573.47 | $1,296.98 | | | $301,900.95 | | ($5,966.36) | $0.08 | $0.00 |
| 02/01/2025 | $3,076.11 | | | Monthly Payment | | $0.00 | | | | | | $301,900.95 | | ($5,966.36) | $0.08 | $0.00 |
| 03/01/2025 | $3,076.11 | | | Monthly Payment | | $3,076.11 | | | | | | $301,900.95 | | ($5,966.36) | $0.08 | $0.00 |
| 03/05/2025 | | $3,076.11 | | Modified Payment | Mar-2025 | $0.00 | $206.73 | $1,572.40 | $1,296.98 | | | $301,694.22 | | ($5,966.36) | $0.08 | $0.00 |

25-35268-kyp    Claim 6    Filed 05/13/25    Pg 11 of 48

## Mortgage Proof of Claim Attachment: Addendum

Case number:    25-35268-kyp

Debtor 1:    Slavko Perez Duzdevich

Debtor 2:    -

The entity that has the right to foreclose is Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 by virtue of being owner and holder of note.

(04/16)

25-35268-kyp    Doc 28-1    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit A SPS
Proof of Claim 6    Pg 13 of 33
25-35268-kyp    Claim 6    Filed 03/15/25    Pg 13 of 48

LOAN NO.

# FIXED/ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

**September 16, 2004**          **ORANGE**                    **CA**
[Date]                                [City]                        [State]

**139 OLD TUXEDO RD
WARWICK, NY 10950**

[Property Address]



1.   **BORROWER'S PROMISE TO PAY**
     In return for a loan that I have received, I promise to pay U.S. $ **384,000.00**                    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
**LONG BEACH MORTGAGE COMPANY**
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2.   **INTEREST**
     Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of          **6.400 %**. The interest rate I will pay may change in accordance with Section 4 of this Note.
     The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3.   **PAYMENTS**
     (A) Time and Place of Payments
     I will pay principal and interest by making payments every month.
     I will make my monthly payments on the first day of each month beginning on     **November    1  ,  2004**   .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on
     **October      1  ,  2034**     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
     I will make my monthly payments at :  **P.O. Box 1093, Northridge, CA 91328**

or at a different place if required by the Note Holder.

     (B) Amount of My Initial Monthly Payments
     Each of my initial monthly payments will be in the amount of U.S. $   **2,401.94**          . This amount may change.

     (C) Monthly Payment Changes
     Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4.   **ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
     (A) Change Dates
     The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of
     **October      ,  2006**      , and on that day every 6th month thereafter. Each date on which my adjustable interest rate could change is called a "Change Date."

     (B) The Index
     Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of the London interbank offered rates for six month dollar deposits in the London market based on quotations at five major banks ("LIBOR"), as set forth in the "Money Rates" section of *The Wall Street Journal*, or if the Money Rates section ceases to be published or becomes unavailable for any reason, then as set forth in a comparable publication selected by the Lender. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."
     If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

     (C) Calculation of Changes
     Before each Change Date, the Note Holder will calculate my new interest rate by adding
**Four and Ninety Nine Hundredth**          percentage point(s) (     **4.990**        %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

New York Fixed/Adjustable Rate Note - Libor

-4140034 (9606)
41400341 (03/31/01) PC

Page 1 of 3
ELECTRONIC LASER FORMS, INC. - (800)327-0545

LOAN NO.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**
The interest rate I am required to pay at the first Change Date will not be greater than **7.400** % or less than **6.400** %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than **One** percentage points ( **1.000** %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than **12.400** %, which is called the "Maximum Rate" or less than **6.400** % which is called the "Minimum Rate."

**(E) Effective Date of Changes**
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**
The Note Holder will deliver or mail to me a notice of any changes in my adjustable interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

**6. LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**
**(A) Late Charges for Overdue Payments**
If the Note Holder has not received the full amount of any monthly payment by the end of **FIFTEEN** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **2.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

LOAN NO.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

(A) Until my initial fixed rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 17 of the Security Instrument provides as follows:

   ### AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

   Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Security Instrument.

   If Lender requires immediate payment in full under this Paragraph 17, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 17 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 17 of the Security Instrument shall instead provide as follows:

   **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

   To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and Security Instrument unless Lender releases Borrower in writing.

   If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
SLAVKO DUZDEVICH                -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower

[Sign Original Only]

New York Fixed/Adjustable Rate Note - Libor

-4140034 (9608)
41400343 (03/31/01) PC                          Page 3 of 3

25-35268-kyp    Doc 28-1    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit A SPS
25-35268-kyp    Claim 6    Filed 01/13/25    Pg 16 of 33 15 of 48
Proof of Claim 6    Pg 16 of 33

Pay to the order of

Without Recourse
Long Beach Mortgage Company

Jess Almanza, Vice President

Angela Shepard, Assistant Vice President

the amount I owe Lender, which fees shall become part of the Sums Secured.

Lender may require Immediate Payment in Full under this Section 22 only if all of the following conditions are met:

(a) I fail to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;

(b) Lender sends to me, in the manner described in Section 15 of this Security Instrument, a notice that states:

(1) The promise or agreement that I failed to keep or the default that has occurred;

(2) The action that I must take to correct that default;

(3) A date by which I must correct the default. That date will be at least 30 days from the date on which the notice is given;

(4) That if I do not correct the default by the date stated in the notice, Lender may require Immediate Payment in Full, and Lender or another Person may acquire the Property by means of Foreclosure and Sale;

(5) That if I meet the conditions stated in Section 19 of this Security Instrument, I will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and

(6) That I have the right in any lawsuit for Foreclosure and Sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have; and

(c) I do not correct the default stated in the notice from Lender by the date stated in that notice.

23. Lender's Obligation to Discharge this Security Instrument. When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will pay all costs of recording the discharge in the proper official records. I agree to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that I pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

24. Agreements about New York Lien Law. I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (a) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a trust fund; and (b) use those amounts to pay for "Cost of Improvement" (as defined in Section 13 of the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a trust fund means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section 24.

25. Borrower's Statement Regarding the Property [check box as applicable].

☒ This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

☐ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐ This Security Instrument does not cover real property improved as described above.



Loan No. ▮▮▮▮▮▮▮▮

Initials: _____

▮▮▮▮-6(NY) (0005).02
TONY15 (05/04/02) LG

Page 16 of 17

Form 3033 1/01

BY SIGNING BELOW, I accept and agree to the promises
and agreements contained in pages 1 through 17 of the
Security Instrument and in any Rider signed by me and
recorded with it.

Witnesses:

SLAVKO DUZDEVICH

Witness

Loan No.

STATE OF NEW YORK,

County ss: *Orange*

On the *16* day of *Sept. 2004* before me, the undersigned, a notary public in and for said state, personally appeared *Slavko Duzdevich*

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

Tax Map Information:

**Dorothy Foy**
Notary Public, State of New York
No.
Qualified in Orange County
Commission Expires Oct. 21, *26*

Loan No.

Initials: _____

Form 3033 1/01

VMP-6(NY) (0005).02
TONY17 (08/04/02) LG

Page 17 of 17

# FIXED/ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made on this **16th** day of **September** ,
**2004**     , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of
Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
**LONG BEACH MORTGAGE COMPANY**
(the"Lender") of the same date and covering the property described in the Security Instrument and located at:

**139 OLD TUXEDO RD**
**WARWICK, NY  10950**
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN THE BORROWER'S FIXED INTEREST
RATE AND TO AN ADJUSTABLE INTEREST RATE.  THE NOTE LIMITS THE
AMOUNT THE BORROWER'S ADJUSTABLE RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:

## A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial fixed interest rate of                **6.400**    %. The Note also provides for
a change in the initial fixed rate to an adjustable interest rate, as follows:

## 1. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (a) Change Dates
The initial fixed interest rate will change to an adjustable interest rate on the first day of **October**     ,
**2006**    , and on the first day of the month every 6th month thereafter. Each date on which the adjustable
interest rate could change is called a "Change Date."

### (b) The Index
Beginning with the first Change Date, the interest rate will be based on an Index. The "Index" is the average
of the London interbank offered rates for six month dollar deposits in the London market based on quotations at
five major banks ("LIBOR"), as set forth in the "Money Rates" section of *The Wall Street Journal*, or if the
Money Rates section ceases to be published or becomes unavailable for any reason, then as set forth in a
comparable publication selected by the Lender. The most recent Index figure available as of the date 45 days
before each Change Date is called the "Current Index."

### (c) Calculation of Changes
Before each Change Date, the Lender will calculate my new interest rate by adding
**Four and Ninety Nine Hundredths**        percentage point(s) (             **4.990**      %) to the
Current Index. The Lender will then round the result of this addition to the nearest one-eighth of one percentage
point (0.125%). Subject to the limits stated in Section 1(d) on the following page, this rounded amount will be the
new interest rate until the next Change Date.

New York Fixed/Adjustable Rate Rider - Libor - Single Family

Page 1 of 3

4140035 (9412)
41400351 (05/03/04) PC

ELECTRONIC LASER FORMS, INC. - (800)327-0545

LOAN NO.

The Lender will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal balance as of the Change Date in full on the Maturity Date at the new interest rate in substantially equal payments. The result of this calculation will be the new monthly payment.

**(d) Limits on Interest Rate Changes**
The interest rate at the first Change Date will not be greater than                    **7.400**    % or less than
**6.400**    %. Thereafter, the adjustable interest rate will never be increased or decreased on any single Change Date by more than    **One**
percentage points (    **1.000**    %) from the rate of interest applicable during the preceding 6 months. The adjustable interest rate will never be greater than    **12.400**    %, which is called the "Maximum Rate" or less than    **6.400**    % which is called the "Minimum Rate."

**(e) Effective Date of Changes**
Each new adjustable interest rate will become effective on each Change Date. The amount of each new monthly payment will be due and payable on the first monthly payment date after the Change Date until the amount of the monthly payment changes again.

**(f) Notice of Changes**
The Lender will deliver or mail a notice of any changes in the adjustable interest rate and the amount of the new monthly payment to the Borrower before the effective date of any change. The notice will include information required by law to be given to the Borrower and also the title and telephone number of a person who will answer any questions regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 17 of the Security Instrument provides as follows:

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**
Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Security Instrument.

If Lender requires immediate payment in full under this Paragraph 17, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

2. When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 17 of the Security Instrument contained in Section B(1) above shall then cease to be in effect, and Uniform Covenant 17 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in

New York Fixed/Adjustable Rate Rider - Libor - Single Family

*U*-4140035 (9412)
™                                                                Page 2 of 3

41400352 (05/03/04) PC

LOAN NO. ███████

full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and  Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
SLAVKO DUZDEVICH                   -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                   -Borrower                                          -Borrower


[Sign Original Only]

New York Fixed/Adjustable Rate Rider - Libor - Single Family

-4140035 (9412)                                    Page 3 of 3

41400353 (05/03/04) PC

LOAN NO. ███████

25-35268-kyp    Claim 6    Filed 05/13/25    Pg 38 of 48



**ORANGE COUNTY – STATE OF NEW YORK**
**ANN G. RABBITT, COUNTY CLERK**
**255 MAIN STREET**
**GOSHEN, NEW YORK 10924**

**COUNTY CLERK'S RECORDING PAGE**
***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***

Recording:

| | |
|---|---|
| Recording Fee | 35.00 |
| Cross References | 0.50 |
| Cultural Ed | 14.25 |
| Records Management - Coun | 1.00 |
| Records Management - Stat | 4.75 |

BOOK/PAGE:  14521 / 492
INSTRUMENT #:   20190007397

Total:                    55.50
**** NOTICE: THIS IS NOT A BILL ****

Receipt#:
Clerk:
Rec Date: 02/01/2019 09:29:25 AM
Doc Grp:  RP
Descrip:  AST
Num Pgs:  3
Rec'd Frm: Richmond Monroe - SPS

Party1:  LONG BEACH MTG
Party2:  DEUTSCHE BANK NATIONAL TRUST CO
TR
Town:    MISCELLANEOUS

Payment Type:    Check ___
                 Cash ___
                 Charge ___
                 No Fee ___

Comment: _____

Ann G. Rabbitt
Orange County Clerk

Record and Return To:

ELECTRONICALLY RECORDED BY SIMPLIFILE

Recording Requested By:

When recorded return to :
Richmond Monroe Group
82 Jim Linegar LN
Branson West, MO. 65737
SPS # ████████

████████████████

Loan No. ████  **ASSIGNMENT OF MORTGAGE**

Date of Assignment: 9/22/2004
Assignor: Long Beach Mortgage 1400 South Douglass Rd Ste .100 Anaheim, CA 92801
Assignee:
**See Attached**

Executed By DUZDEVICH SLAVKO

To:   Long Beach Mortgage
Mortgage Dated: 9/16/2004   and Recorded on 2-9-2005 as Instrument No. 20060014999
Book 11747 Page 0434 in   ORANGE   County   NY
Property Address: 139 OLD TUXEDO RD   Sect. 61 BIK. 1 Lot. 40.23
WARWICK, NY 10990

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and no /100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the Note or other evidence of indebtedness  (the "Note"), said Note having an original principal sum of   $384,000.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and  the full benefit of all the powers and of all the covenants and provisions  therein contained, and the said Assignor hereby grants and conveys unto  the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto  the said Assignee forever, subject to the terms contained in said Mortgage and Note.

ON  9/22/2004

STATE OF CALIFORNIA   }  SS
COUNTY OF SAN JOAQUIN }

Long Beach Mortgage

BY: _____

Jess Almanza
Vice President

ON 9/22/2004  BEFORE ME,  H. Schafer   ,A NOTARY PUBLIC, PERSONALLY APPEARED   Jess Almanza PERSONALLY KNOWN TO ME (OR PROVED TO ME ON THE  BASIS OF SATISFACTORY EVIDENCE) TO BE THE PERSON WHOSE NAME IS SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT HE EXECUTED THE SAME IN HIS AUTHORIZED CAPACITY, AND THAT BY HIS SIGNATURE ON THE INSTRUMENT THE PERSONS, OR THE ENTITY UPON BEHALF OF WHICH THE PERSON ACTED, EXECUTED THIS INSTRUMENT.

WITNESS MY HAND AND OFFICIAL SEAL.

H. Schafer

H. SCHAFER
Commission # ████
Notary Public - California
San Joaquin County
My Comm. Expires Nov 23, 2006

## ASSIGNEE ATTACHMENT

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-1, ASSET-BACKED CERTIFICATES, SERIES 2005-1**

C/O SELECT PORTFOLIO SERVICING, INC.

3217 S DECKER LAKE DRIVE

SALT LAKE CITY, UT 84119

25-35268-kyp    Claim 6    Filed 05/13/25    Pg 41 of 48

### LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") is effective 01/01/2023, between SLAVKO DUZDEVICH, ("Borrower") and Select Portfolio Servicing, Inc., acting on behalf of the owner of the Note, ("Lender"). If Borrower's representations and covenants in Section 1 continue to be true in all material respects, then this Agreement will amend and supplement, as set forth in Section 2, the Note made by the Borrower, dated 09/16/2004, in the original principal sum of $384,000.00 ("Note"). The Mortgage or Deed of Trust ("Security Instrument"), which was entered into as security for the Note, encumbers the real and personal property described in the Security Instrument (defined in the Security Instrument as the "Property"), known as:

    139 OLD TUXEDO RD
    WARWICK, NY 10950

The Note and Security Instrument are collectively referred to in this Agreement as the "Loan Documents."

1. <u>Borrower Representations and Covenants.</u> Borrower certifies, represents, covenants, and agrees as follows:

   a. Borrower is experiencing a financial hardship, and as a result, (i) is in default under the Note or default is imminent, and (ii) Borrower does not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   b. There has been no impermissible change in the ownership of the Property since Borrower signed the Note.

   c. If requested by Lender, Borrower has provided documentation for all income that they receive.

   d. All documents and information Borrower has provided to Lender in connection with this Agreement, including the documents and information regarding eligibility for this Agreement, are complete, true and correct.

   e. Borrower has made or will make all payments required under a trial modification plan or loan workout plan, if applicable.

   f. The property is neither in a state of disrepair, nor condemned.

   g. Borrower is not a party to any litigation involving the Loan Documents, except to the extent the Borrower may be a defendant in a foreclosure action.

2. <u>The Modification.</u> If Borrower's representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 01/01/2023 (the "Modification Effective Date") and all late charges that remain unpaid will be waived. Borrower understands that if they fail to make any payments as a precondition to this modification under a workout plan or trial modification plan, this modification will not take effect. The first modified payment will be due on 02/01/2023.

   a. The Maturity Date will be: 01/01/2035.

   b. The modified principal balance of the Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to the account associated with the Note. The new principal balance of the Note will be $306,852.12 (the "New Principal Balance"). Borrower understands that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   c. Interest at the rate of 6.250% will begin to accrue on the Interest Bearing Principal Balance as of 01/01/2023 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 02/01/2023. The payment schedule for the modified Note is as follows:

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|--------|---------------|---------------------------|----------------------------------------------|-------------------------------------------|------------------------|-------------------|----------------------------|
| 1-144 | 6.25000% | N/A | $1,779.13 | $1,242.86, which may adjust periodically | $3,021.99, which may adjust periodically | 02/01/2023 | 144 |

**A final balloon payment on the Interest Bearing Principal Balance of $268,190.28 is due on the Maturity Date.**

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore the total monthly payment may change accordingly.

The above terms in this Section 2.c shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate. Interest will be charged on unpaid principal until the full amount of the Principal Balance has been paid. I will pay interest at a yearly rate of 6.250%.

BALLOON NOTICE. In order to reach an affordable payment, we extended your amortization term, which is the rate or speed by which your mortgage is calculated to be paid off; however, your maturity term, which is the period of time until your mortgage becomes due and payable, could not be fully extended to an equal term. This is because the investor on your account allows us to change your amortization term but does not allow us to change the maturity term to match. As a result of the difference between these two periods, there will be an amount due of $268,190.28 on the date your lien matures on 01/01/2035. The amount due at maturity is in addition to your monthly scheduled payment that you received as part of your modification.

d.  Borrower has agreed to establish an escrow account to pay for property taxes and homeowner's insurance and pay a monthly escrow payment in the initial amount of $1,242.86. Borrower's total monthly payment of principal, interest and escrow will therefore be equal to $3,021.99. Borrower acknowledges that the payments attributable to insurance and taxes are determined by the state taxing authorities and insurance companies and therefore, are subject to change from time to time. Borrower will be notified of any changes.

3.  Other Agreements. Borrower and Lender also agree to the following:

a.  This Agreement shall supersede any modification, forbearance, trial period plan, or other workout plan that Borrower previously entered into with Lender.

b.  The Security Instrument and Note, as modified by this Agreement, are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

c.  All terms of the Security Instrument and Note, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Note and Security Instrument.

d.  Borrower will be bound by and comply with all covenants, agreements, and requirements of the Note as modified by the Agreement and the Security Instrument, including all requirements to make payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Note and Security Instrument.

e.  If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after receipt of the Lender's request, Borrower will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If Borrower fails to do so, Borrower will be liable for any and all loss or damage which the Lender reasonably sustains as a result of Borrower's failure. At Lender's option, this Agreement will be void and of no legal effect upon notice of such loss, misplacement, misstatement, or inaccuracy. If Borrower elects not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and Borrower will not be eligible for a modification.

f.  The mortgage insurance premiums due from Borrower, if applicable, may increase as a result of the capitalization, which will result in a higher total monthly payment. Furthermore, the date on which Borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

g.  As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, Borrower agrees as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the lender shall give borrower notice of acceleration. The notice shall provide a period of not less than thirty (30) days – depending on state law and other requirements – from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on the Borrower.

h.  As of the Modification Effective Date, a buyer of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

i.  All payment amounts specified in this Agreement assume that payments will be made as scheduled.

j.  If Borrower is in bankruptcy upon execution of this document, Borrower will cooperate fully with Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect, and such terms shall not be modified by this Agreement.

k.  If Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

l.  In agreeing to the changes to the original Loan Documents as reflected in this Agreement, Lender has relied upon the truth and accuracy of all of the representations made by Borrower(s), both in this Agreement and in any documentation provided by or on behalf of Borrower(s) in connection with this Agreement. If Lender subsequently determines that such representations or documentation were not truthful or accurate, Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

**TAX CONSEQUENCES OF LOAN MODIFICATIONS.**

There may be income tax consequences related to this loan modification. Because you will be responsible for paying any income tax due as a result of this loan modification, you may wish to consult a tax advisor before accepting this loan modification.

You can find additional information at http://www.irs.gov. You can also call the IRS taxpayer hotline at 1-800-829-1040.

The Borrower(s) and Lender have signed this Agreement as of the Effective Date

Borrower Signature:                                    Date

Borrower Signature                                     Date

Note: If you are signing this document electronically, your ESignature will appear on the last page of the document

**Yanko D. Arreguin**

Select Portfolio Servicing, Inc. on behalf of Lender;
Document Control Officer

FEB 2 4 2023
Date







March 19, 2025

SLAVKO DUZDEVICH
PO BOX 1628
GREENWOOD LAKE, NY 10925-0000

**Account Number:**
**Property Address:** 139 OLD TUXEDO RD
WARWICK, NY 10950

**RE: Important notice regarding your Annual Escrow Account Disclosure Statement and your
new escrow payment amount**

**This statement is for informational purposes only**

Dear Customer(s):

SPS reviewed your escrow account to determine your new monthly escrow payment. Following are the answers to the most common questions we receive about the escrow account and the details related to the analysis.

1. **What is the amount of my new monthly payment?**
   The table below shows your new monthly payment, including any escrow changes from this new analysis statement.

| Table 1 | Current Payment | New Payment (as of 04/01/2025) | Change |
|---|---|---|---|
| Principal and Interest | $1,779.13 | $1,779.13 | |
| Regular Escrow Payment | $1,235.26 | $1,267.68 | $32.42 |
| Monthly Shortage Payment | $61.72 | $0.00 | $-61.72 |
| Total Payment | $3,076.11 | $3,046.81 | $-29.30 |

Since you are in active bankruptcy, your new payment amount shown above is the post-petition payment amount due.

2. **Why did the escrow portion of my payment change?**
   There are three main reasons why your escrow account payment may change from year to year.

   A. **Regular Escrow Payments** - Changes occur based on differences between the expected property tax or insurance payments for the prior year and the expected property tax or insurance payments for the current year. Table 2 shows those differences and any resulting monthly shortage change, which is explained in section C.

| Table 2 | Prior Year Estimated Disbursements | Current Year Estimated Disbursements (as of 04/01/2025) | Change |
|---|---|---|---|
| Tax Disbursements | $12,946.10 | $13,103.07 | $156.97 |
| Hazard Insurance Disbursements | $1,877.00 | $2,109.00 | $232.00 |
| Total Annual Escrow Disbursements | $14,823.10 | $15,212.07 | $388.97 |
| Monthly Escrow Payment | $1,235.26 | $1,267.68 | $32.42 |
| Monthly Shortage Payment | $61.72 | $0.00 | $-61.72 |

See reverse side

B. **Escrow Reserve Requirements** – RESPA/Federal law allows lenders to maintain a maximum of two months reserve in your escrow account, commonly referred to as a cushion. However, based on state, investor, or modification requirements your cushion requirement may be less than the Federal requirement. Your account has a monthly reserve requirement of 2 months. This reserve is established to cover unanticipated increases in your property taxes, insurance and other escrow amounts. The monthly reserve requirement amount is $2,535.35 and is accounted for in your monthly escrow payment reflected above in Tables 1 and 2. If your account has mortgage insurance, the monthly mortgage insurance amount has been removed from the escrow reserve requirements.

C. **Escrow Shortage** – The ending balance in table 3 and the beginning balance in table 4 of $5,966.36 is based on an assumption of receipt of the scheduled payments that are due on the account, as indicated by the letter E next to the payments. If the scheduled payments are made there will be a shortage in the account of $834.57.

Please be advised that this is not an attempt to collect any pre-petition debt, which we have previously claimed on the Proof of Claim. Any shortages used to calculate this analysis do not include any unpaid taxes and/or insurance that we previously filed in the Proof of Claim. In Table 1, the "Regular Escrow Payments" row shows the full escrow payment required, including all escrow elements and the "Monthly Shortage Payment" row shows the current amount of monthly shortage which is the amount to be collected towards the shortage. In Table 2, the "Monthly Escrow Payment" row shows only the escrow elements without any overage/shortage amounts and the "Monthly Shortage Payment" row shows the current amount of monthly shortage which is the amount to be collected towards the shortage.

Your unpaid pre-petition escrow amount is $0.00. This amount has been removed from the projected starting balance.

Your total shortage is determined by subtracting your required beginning escrow account balance from your actual beginning escrow account balance. $6,800.93 - $5,966.36 = $834.57.

Table 3 below shows a detailed history of your escrow account transactions since your last analysis. An asterisk (*) indicates a difference from a previous estimate in either the date or the amount. The letter E beside an amount indicates that the payment or disbursement has not yet occurred but is estimated to occur as shown prior to the effective date of this new analysis. Please note, if the payment or disbursement month shown in table 3 is the same month of this completed analysis and there is an asterisk (*) or the letter E next to the amount, the disbursement or amount may have already occurred by the time you receive this analysis statement and the actual amount may differ from the amount reflected below.

**Table 3**

| Month | Description | Payments Estimate | Payments Actual | Disbursements Estimate | Disbursements Actual | Total Balance |
|---|---|---|---|---|---|---|
| **History** | Beginning Balance | | | | | $10,420.99 |
| September 2024 | SCHOOL TAX | $1,235.26 | $2,917.82 * | $9,647.89 | $9,762.66 * | $3,576.15 |
| September 2024 | HAZARD INS | $0.00 | $0.00 | $1,877.00 | $2,109.00 * | $1,467.15 |
| October 2024 | | $1,235.26 | $1,336.01 * | $0.00 | $0.00 | $2,803.16 |
| November 2024 | | $1,235.26 | $1,296.98 * | $0.00 | $0.00 | $4,100.14 |
| December 2024 | | $1,235.26 | $1,315.69 * | $0.00 | $0.00 | $5,415.83 |
| January 2025 | CITY TAX | $1,235.26 | $2,593.96 * | $3,298.21 | $3,340.41 * | $4,669.38 |
| February 2025 | | $1,235.26 | $0.00 * | $0.00 | $0.00 | $4,669.38 |
| March 2025 | | $1,235.26 | $1,296.98 * | $0.00 | $0.00 | $5,966.36 |
| **Total Actual Activity** | | $8,646.82 | $10,757.44 | $14,823.10 | $15,212.07 | |

See reverse side

25-35268-kyp    Claim 6    Filed 05/13/25    Pg 47 of 48

**Expected Payments**

| | | | | |
|---|---|---|---|---|
| **Total Including Expected Payments** | **$8,646.82** | **$10,757.44** | **$14,823.10** | **$15,212.07** |

Table 4 below shows a detailed projection of future estimated escrow activity of your escrow account transactions since your last analysis as well as a projection of future escrow activity. The double asterisk (**) next to the required balance indicates the lowest projected balance in the analysis. This low balance is used to determine the surplus or shortage in your escrow account at the time of this analysis.

Table 4

| Month | Description | Payments Estimate | Disbursements Estimate | Beginning Balance | Required Balance |
|---|---|---|---|---|---|
| | Starting Balance | | | $5,966.36 | $6,800.93 |
| April 2025 | | $1,267.68 | $0.00 | $7,234.04 | $8,068.61 |
| May 2025 | | $1,267.68 | $0.00 | $8,501.72 | $9,336.29 |
| June 2025 | | $1,267.68 | $0.00 | $9,769.40 | $10,603.97 |
| July 2025 | | $1,267.68 | $0.00 | $11,037.08 | $11,871.65 |
| August 2025 | | $1,267.68 | $0.00 | $12,304.76 | $13,139.33 |
| September 2025 | SCHOOL TAX | $1,267.68 | $9,762.66 | $3,809.78 | $4,644.35 |
| September 2025 | HAZARD INS | $0.00 | $2,109.00 | $1,700.78 | $2,535.35** |
| October 2025 | | $1,267.68 | $0.00 | $2,968.46 | $3,803.03 |
| November 2025 | | $1,267.68 | $0.00 | $4,236.14 | $5,070.71 |
| December 2025 | | $1,267.68 | $0.00 | $5,503.82 | $6,338.39 |
| January 2026 | CITY TAX | $1,267.68 | $3,340.41 | $3,431.09 | $4,265.66 |
| February 2026 | | $1,267.68 | $0.00 | $4,698.77 | $5,533.34 |
| March 2026 | | $1,267.68 | $0.00 | $5,966.45 | $6,801.02 |
| Totals | | $15,212.16 | $15,212.07 | | |

If you wish to send a written inquiry about your account or dispute any of the information on this statement, please send it to the address listed below for Notice of Error/Information Request. If you send your Notice of Error/Information Request to any other address, it may not be processed in accordance with the guidelines established by the Real Estate Settlement Procedures Act (RESPA).

**Important Mailing Addresses:**

| General Correspondence | Payment Remittance | Notice of Error/Information Request |
|---|---|---|
| PO Box 65250 Salt Lake City, UT 84165-0250 | PO Box 65450 Salt Lake City, UT 84165-0450 | PO Box 65277 Salt Lake City, UT 84165-0277 |

**New York Residents: SPS is registered with the Superintendent of the New York State Department of Financial Services. You may file complaints or obtain further information from the Department by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.**

See reverse side

If your account is set up on a monthly automatic withdrawal payment option, your monthly payment withdrawal amount will be updated according to the adjusted payment above once the escrow analysis becomes effective. If you have any questions or concerns, please contact our Customer Service Department. Our toll-free number is 800-258-8602 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time. You may also visit our website at www.spservicing.com.

Sincerely,

Select Portfolio Servicing, Inc.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

See reverse side