# EXHIBIT B

**UGELL LAW FIRM, P.C.**

**151 North Main Street**

**Suite 202**

**New City, New York 10956**

**(845) 639-7011**

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage   Inc. Proof of Claim 5    Pg 2 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 1 of 22

**Fill in this information to identify the case:**

Debtor 1    Slavko Perez Duzdevich

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number    25-35268-kyp

## Official Form 410

# Proof of Claim 12/24

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. **Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | CitiMortgage, Inc. |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor    Cenlar FSB |

| 2. | Has this claim been acquired from someone else? | ☑ No |
|---|---|---|
| | | ☐ Yes. From whom? |

| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Cenlar FSB<br>Name | Cenlar FSB<br>Name |
| | | Attn: BK Department, 425 Phillips Blvd<br>Number    Street | Attn: Payment Processing, 425 Phillips Blvd<br>Number    Street |
| | | Ewing, NJ  08618<br>City    State    ZIP Code | Ewing, NJ  08618<br>City    State    ZIP Code |
| | | Contact phone (877) 909-9416 | Contact phone (877) 909-9416 |
| | | Contact email BKelectronicnotices@cenlar.com<br>Uniform claim identifier (if you use one): | Contact email BKelectronicnotices@cenlar.com |

| 4. | Does this claim amend one already filed? | ☑ No.<br>☐ Yes. Claim number on court claims registry (if known)    Filed on ____ MM / DD / YYYY |
|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No.<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|---|

Official Form 410                    **Proof of Claim**                    page 1

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage   Inc. Proof of Claim 5    Pg 3 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 2 of 22

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No.

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: <u>6062</u>

**7. How much is the claim?** $54,827.22.

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as healthcare information. <u>Mortgage Note</u>

**9. Is all or part of the claim secured?**

☐ No.

☑ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
        *139 Old Tuxedo Rd, Warwick, NY 10950*

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** <u>Recorded Mortgage</u>
    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:** $ <u>UNKNOWN</u>

    **Amount of the claim that is secured:** $54,827.22

    **Amount of the claim that is unsecured:** $<u>*see attached disclaimer*</u>(The sum the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** $<u>20.00</u>

    **Annual Interest Rate** (when case was filed) <u>8.7500</u>%

    ☑ Fixed

    ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right to setoff?**

☑ No

☐ Yes. Explain:_____

Official Form 410             **Proof of Claim**             page 2

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage   Inc. Proof of Claim 5    Pg 4 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 3 of 22

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No |  |
|---|---|---|
|  | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
|  | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
|  | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
|  | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
|  | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
|  | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |
|  | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571. | Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ___05/08/2025___
　　　　　　　　　MM / DD / YYYY

/s/ Steven K. Eisenberg
Signature |

**Print the name of the person who is completing and signing this claim:**

| Name | Steven K. Eisenberg | | |
|---|---|---|---|
|  | First name | Middle name | Last name |
| Title | ATTORNEY FOR CREDITOR | | |
| Company | Stern & Eisenberg, PC | | |
|  | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 20 Commerce Drive, Suite 230 | | |
|  | Number | Street | |
|  | Cranford, NJ 07016 | | |
|  | City | State | ZIP Code |
| Contact phone | 215-572-8111 | Email | seisenberg@sterneisenberg.com |

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 5 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 4 of 22

**THE CREDITOR RESERVES THE RIGHT TO AMEND THE CLAIM FOR ANY OF THE FOLLOWING REASONS:** Any omission or calculation error resulting in a mistake in the dollar amount; any change in the interest rate applicable to this loan; and change in the requirements for escrow due to any change in the costs for taxes or insurance.

**THE CREDITOR RESERVES THE RIGHT TO AMEND THE CLAIM TO ASSERT A CLAIM WHICH IS UNSECURED IN WHOLE OR IN PART BASED UPON EVENTS WHICH TRANSPIRE IN THIS BANKRUPTCY CASE,** such as an amendment or modification to the Debtor(s)' Chapter 13 Plan which changes the proposed treatment of the Creditor's claim, surrender of the Collateral securing the Creditor's claim, termination of the automatic stay in regards to the Collateral securing the Creditor's claim, OR TO SEEK A DEFICIENCY BALANCE, IF ANY, IN THE EVENT THE CREDITOR'S COLLATERAL IS LIQUIDATED. In the event that an amended claim is filed, it shall be deemed to relate back to the date of the filing of the Creditor's initial claim even though the Creditor's claim may have changed in classification or amount, or both.

## Certificate of Service

I hereby certify that a copy of the foregoing Proof of Claim was served on the parties listed below by postage prepaid U.S. Mail, First Class or served electronically through the Court's ECF System at the e-mail address registered with the Court on this Date.

Date: 05/08/2025

Served by standard first class mail postage prepaid to:

Slavko Perez Duzdevich
P.O. Box 1628
Greenwood Lake, NY 10925
Debtor(s)

And served via the Court's CM/ECF notification system:

SCOTT B UGELL
151 N. MAIN STREET
SUITE 202
NEW CITY, NY 10956
SCOTT@UGELLLAW.COM
Attorney for Debtor

Thomas C. Frost
399 Knollwood Road, Suite 102
White Plains, NY 10603
info@ch13tf.com
Trustee

Office of the U.S. Trustee
Leo W. O'Brien Federal Building
11A Clinton Avenue
Room 620
Albany, NY 12207
USTPRegion02.AL.ECF@USDOJ.GOV
U.S. Trustee

    /s/  Steven K. Eisenberg
Steven K. Eisenberg, BAR# 5812821
Stern & Eisenberg, PC
20 Commerce Drive
Suite 230
Cranford, NJ 07016
Ph: 215-572-8111
seisenberg@sterneisenberg.com
Attorney for Secured Creditor

NY202500000089

# Mortgage Proof of Claim Attachment

(12/23)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 25-35268-kyp |
| Debtor 1: | Slavko Perez Duzdevich |
| Debtor 2: | |
| Last 4 digits to identify: | 6062 |
| Creditor: | CitiMortgage, Inc. |
| Servicer: | Cenlar FSB |
| Fixed accrual/daily simple interest/other: | Fixed |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 54,669.77 |
| Interest due: | 137.45 |
| Fees, costs due: | 20.00 |
| Escrow deficiency for funds advanced: | 0.00 |
| Less total funds on hand: | - 0.00 |
| Total debt: | 54,827.22 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal due: | 0.00 |
| Interest due: | 0.00 |
| Prepetition fees due: | 20.00 |
| Escrow deficiency for funds advanced: | 0.00 |
| Projected escrow shortage: | 0.00 |
| Less funds on hand: | - 0.00 |
| Total prepetition arrearage: | 20.00 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest | 755.24 |
| Monthly escrow: | 0.00 |
| Private mortgage insurance: | 0.00 |
| Total monthly payment: | 755.24 |
| Payment Effective Date: 04/01/2025 | |

## Part 5 : Loan Payment History from First Date of Default

|  | | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due to balance | Amount due to balance | Amount to principal | Amount to interest | Amount to fees or charges | Unapplied funds | Principal Balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| | | | | | | SEE ATTACHED LOAN HISTORY | | | | | | | | | | |

25-35268-kyp    Claim 5    Filed 05/08/25    Pg 6 of 22

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount Incurred | E. Description | F. Contractual due date | G. Prin & Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees and charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | **Balances Before to Default** | | | | | | | | | | | | |
| 2/1/2024 | 755.24 | | | Contractual Payment Due | 2/1/2024 | 64,625.34 | | | | | | 60,479.65 | 4,900.93 | | | |
| 2/20/2024 | | | 15.10 | Late Charge | 2/1/2024 | 64,625.34 | | | | 15.10 | | 60,479.65 | 4,900.93 | | | 15.10 |
| 3/1/2024 | 755.24 | | | Contractual Payment Due | 2/1/2024 | 64,625.34 | | | | | | 60,479.65 | 4,900.93 | | | 15.10 |
| 3/14/2024 | | | 20.00 | Property Inspection | 2/1/2024 | 64,625.34 | | | | 20.00 | | 60,479.65 | 4,900.93 | | | 20.00 |
| 3/18/2024 | | | 15.10 | Late Charge | 2/1/2024 | 64,625.34 | | | | 15.10 | | 60,479.65 | 4,900.93 | | | 50.20 |
| 3/27/2024 | | 755.24 | | Payment Made | 2/1/2024 | 64,625.34 | 395.68 | 359.56 | | | | 60,479.65 | 4,900.93 | | | 50.20 |
| 4/1/2024 | 755.24 | | | Contractual Payment Due | 3/1/2024 | 63,870.10 | | | | | | 60,083.97 | 4,541.37 | | | 50.20 |
| 4/17/2024 | | | 15.10 | Late Charge | 3/1/2024 | 63,870.10 | | | | 15.10 | | 60,083.97 | 4,541.37 | | | 65.30 |
| 4/19/2024 | | 755.24 | | Payment Made | 3/1/2024 | 63,870.10 | 399.56 | 356.68 | | | | 60,083.97 | 4,541.37 | | | 65.30 |
| 4/25/2024 | | 755.24 | | Payment Made | 4/1/2024 | 63,114.86 | 401.47 | 353.77 | | | | 59,685.41 | 4,184.69 | | | 65.30 |
| 5/1/2024 | 755.24 | | | Contractual Payment Due | 4/1/2024 | 62,359.62 | | | | | | 59,283.94 | 3,830.92 | | | 65.30 |
| 5/17/2024 | | | 15.10 | Late Charge | 4/1/2024 | 62,359.62 | | | | 15.10 | | 59,283.94 | 3,830.92 | | | 80.40 |
| 5/29/2024 | | 755.24 | | Payment Made | 4/1/2024 | 62,359.62 | 404.40 | 350.84 | | | | 59,283.94 | 3,830.92 | | | 80.40 |
| 6/1/2024 | 755.24 | | | Contractual Payment Due | 5/1/2024 | 61,604.38 | | | | | | 58,879.54 | 3,480.08 | | | 80.40 |
| 6/17/2024 | | | 15.10 | Late Charge | 5/1/2024 | 61,604.38 | | | | 15.10 | | 58,879.54 | 3,480.08 | | | 95.50 |
| 7/1/2024 | 755.24 | | | Contractual Payment Due | 5/1/2024 | 61,604.38 | | | | | | 58,879.54 | 3,480.08 | | | 95.50 |
| 7/2/2024 | | 755.24 | | Payment Made | 5/1/2024 | 60,849.14 | 407.35 | 347.89 | | | | 58,879.54 | 3,480.08 | | | 95.50 |
| 7/17/2024 | | | 15.10 | Late Charge | 6/1/2024 | 60,849.14 | | | | 15.10 | | 58,472.19 | 3,132.19 | | | 110.60 |
| 7/22/2024 | | 755.24 | | Payment Made | 6/1/2024 | 60,849.14 | 410.32 | 344.92 | | | | 58,472.19 | 3,132.19 | | | 110.60 |
| 8/1/2024 | 755.24 | | | Contractual Payment Due | 6/1/2024 | 60,093.90 | | | | | | 58,061.87 | 2,787.27 | | | 110.60 |
| 8/6/2024 | | 755.24 | | Payment Made | 6/1/2024 | 59,338.66 | 413.31 | 341.93 | | | | 58,061.87 | 2,787.27 | | | 110.60 |
| 8/8/2024 | | | | Late Charge Paid | 7/1/2024 | 59,338.66 | | | | (15.10) | | 57,648.56 | 2,445.34 | | | 95.50 |
| 9/1/2024 | 755.24 | | | Contractual Payment Due | 7/1/2024 | 59,338.66 | | | | | | 57,648.56 | 2,445.34 | | | 110.60 |
| 9/17/2024 | | | 15.10 | Late Charge | 7/1/2024 | 58,583.42 | | | | 15.10 | | 57,648.56 | 2,445.34 | | | 110.60 |
| 9/19/2024 | | 755.24 | | Payment Made | 7/1/2024 | 58,583.42 | 416.32 | 338.92 | | | | 57,648.56 | 2,445.34 | | | 110.60 |
| 10/1/2024 | 755.24 | | | Contractual Payment Due | 8/1/2024 | 58,583.42 | | | | | | 57,232.24 | 2,106.42 | | | 110.60 |
| 10/17/2024 | | | 15.10 | Late Charge | 8/1/2024 | 57,828.18 | | | | 15.10 | | 57,232.24 | 2,106.42 | | | 125.70 |
| 10/21/2024 | | 755.24 | | Payment Made | 8/1/2024 | 57,828.18 | 419.36 | 335.88 | | | | 57,232.24 | 2,106.42 | | | 125.70 |
| 11/1/2024 | 755.24 | | | Contractual Payment Due | 9/1/2024 | 57,828.18 | | | | | | 56,812.88 | 1,770.54 | | | 125.70 |
| 11/5/2024 | | 755.24 | | Payment Made | 9/1/2024 | 57,828.18 | 422.42 | 332.82 | | | | 56,812.88 | 1,770.54 | | | 125.70 |
| 11/30/2024 | | 755.24 | | Payment Made | 10/1/2024 | 57,072.94 | 425.50 | 329.74 | | | | 56,390.46 | 1,437.72 | | | 125.70 |
| 12/1/2024 | 755.24 | | | Contractual Payment Due | 11/1/2024 | 56,317.70 | | | | | | 55,964.96 | 1,107.98 | | | 125.70 |
| 12/21/2024 | 755.24 | | | Contractual Payment Due | 11/1/2024 | 56,317.70 | | | | | | 55,964.96 | 1,107.98 | | | 125.70 |
| 1/1/2025 | 755.24 | | | Contractual Payment Due | 12/1/2024 | 56,317.70 | | | | | | 55,964.96 | 1,107.98 | | | 125.70 |
| 1/6/2025 | | 755.24 | | Payment Made | 12/1/2024 | 55,562.46 | 428.60 | 326.64 | | | | 55,536.36 | 781.34 | | | 125.70 |
| 2/1/2025 | 755.24 | | | Contractual Payment Due | 1/1/2025 | 55,562.46 | | | | | | 55,536.36 | 781.34 | | | 20.00 |
| 2/14/2025 | | 105.70 | | Late Charge Paid | 1/1/2025 | 55,562.46 | | | | (105.70) | | 55,536.36 | 781.34 | | | 20.00 |
| 2/14/2025 | | 755.24 | | Payment Made | 2/1/2025 | 54,807.22 | 431.72 | 323.52 | | | | 55,104.64 | 457.82 | | | 20.00 |
| 3/1/2025 | 755.24 | | | Contractual Payment Due | 2/1/2025 | 54,807.22 | | | | | | 55,104.64 | 457.82 | | | 20.00 |
| 3/11/2025 | | 755.24 | | Payment Made | 3/1/2025 | 54,807.22 | 434.87 | 320.37 | | | | 54,669.77 | 137.45 | | | 20.00 |

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 8 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 7 of 22

## NOTE

**September    16 , 2004**
*Date*

**ORANGE**
*City*

**CA**
*State*

**139 OLD TUXEDO RD**

**WARWICK**
*Property Address*

**NY**

**10950**

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **96,000.00**    (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **LONG BEACH MORTGAGE COMPANY**

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of    **8.750**    %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ **755.24**

I will make my payments on the    **first**    day of each month beginning on **November  1 , 2004**    , . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on    **October    1 , 2034**    ,
I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at    **P.O. Box 1093, Northridge, CA 91328**

or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of    **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    **2.000**    % of my overdue payment, but not less than U.S. $ **1.00**    and not more than U.S. $ **15.10**    . I will pay this late charge only once on any late payment.

**(B) Notice from Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated **September    16,    2004**    , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**NEW YORK** - SECOND MORTGAGE · 1/80 · FNMA/FHLMC UNIFORM INSTRUMENT

Page 1 of 2

**Form 3933**


-75(NY) (0208)

1075-1 NY (02/28/03) JMR

VMP MORTGAGE FORMS (800)521-7291

Initials: _____

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 9 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 8 of 22

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

### 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

Default in the payment of this loan agreement may result in the loss of the property securing the loan. Under federal law, you may have the right to cancel this agreement. If you have this right, the creditor is required to provide you with a separate written notice specifying the circumstances and times under which you can exercise this right.

|                                   | (Seal)   |                            | (Seal)   |
| --------------------------------- | -------- | -------------------------- | -------- |
| SLAVKO DUZDEVICH                  | -Borrower|                            | -Borrower|
|                                   | (Seal)   |                            | (Seal)   |
|                                   | -Borrower|                            | -Borrower|
|                                   | (Seal)   |                            | (Seal)   |
|                                   | -Borrower|                            | -Borrower|
|                                   | (Seal)   | CITIMORTGAGE, INC.         | (Seal)   |
|                                   | -Borrower|                            | -Borrower|

*[Sign Original Only]*

Pay to the order of
**CITIMORTGAGE, INC.**

Without Recourse
Long Beach Mortgage Company

Jess Almanza, Vice President

Angela Shepard, Assistant Vice President

Pay to the order of

without recourse on us CitiMortgage, Inc.

Janet L. Sims, Vice President
CitiMortgage, Inc.

25-35268-kyp   Doc 28-2   Filed 01/23/26   Entered 01/23/26 18:56:38   Exhibit B
CitiMortgage   Inc. Proof of Claim 5   Pg 11 of 23
25-35268-kyp   Claim 5   Filed 05/08/25   Pg 10 of 22

## ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE
### THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

TYPE IN BLACK INK:                                              RD-33-32294 (M)
NAME(S) OF PARTY(S) TO DOCUMENT                    SECTION 61 BLOCK 1 LOT 40.23

Slavko Duzdevich

RECORD AND RETURN TO:
(name and address)

TO

Long Beach Mortgage Company

Long Beach Mortgage Company
PO Box 201085
Stockton, CA 95202

Loan NO. 6287057-7907

*THIS IS PAGE ONE OF THE RECORDING*

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH
RECORDED INSTRUMENT ONLY

### DO NOT WRITE BELOW THIS LINE

INSTRUMENT TYPE: DEED____ MORTGAGE___ ✓ SATISFACTION____ ASSIGNMENT____ OTHER____

### PROPERTY LOCATION

| | | | |
|---|---|---|---|
| ___2089 BLOOMING GROVE (TN) | ___4289 MONTGOMERY (TN) | NO PAGES ___ CROSS REF.____ | |
| ___2001 WASHINGTONVILLE (VLG) | ___4201 MAYBROOK (VLG) | CERT.COPY____ ADD'L X-REF.____ | |
| ___2289 CHESTER (TN) | ___4203 MONTGOMERY (VLG) | MAP#____ PGS.____ | |
| ___2201 CHESTER (VLG) | ___4205 WALDEN (VLG) | | |
| ___2489 CORNWALL (TN) | ___4489 MOUNT HOPE (TN) | PAYMENT TYPE: CHECK___ ✓ | |
| ___2401 CORNWALL (VLG) | ___4401 OTISVILLE (VLG) | CASH____ | |
| ___2600 CRAWFORD (TN) | ___4600 NEWBURGH (TN) | CHARGE____ | |
| ___2800 DEERPARK (TN) | ___4800 NEW WINDSOR (TN) | NO FEE____ | |
| ___3089 GOSHEN (TN) | ___5089 TUXEDO (TN) | Taxable | |
| ___3001 GOSHEN (VLG) | ___5001 TUXEDO PARK (VLG) | CONSIDERATION $____ | |
| ___3003 FLORIDA (VLG) | ___5200 WALLKILL (TN) | TAX EXEMPT____ | |
| ___3005 CHESTER (VLG) | ___✓5489 WARWICK (TN) | Taxable | |
| ___3200 GREENVILLE (TN) | ___5401 FLORIDA (VLG) | MORTGAGE AMT. $ 96,000.00 | |
| ___3489 HAMPTONBURGH (TN) | ___5403 GREENWOOD LAKE (VLG) | DATE____ | |
| ___3401 MAYBROOK (VLG) | ___5405 WARWICK (VLG) | | |
| ___3689 HIGHLANDS (TN) | ___5600 WAWAYANDA (TN) | MORTGAGE TAX TYPE: | |
| ___3601 HIGHLAND FALLS (VLG) | ___5889 WOODBURY (TN) | ___(A) COMMERCIAL/FULL 1% | |
| ___3889 MINISINK (TN) | ___5801 HARRIMAN (VLG) | ___ ✓ (B) 1 OR 2 FAMILY | |
| ___3801 UNIONVILLE (VLG) | | ___(C) UNDER $10,000 | |
| ___4089 MONROE (TN) | **CITIES** | ___(E) EXEMPT | |
| ___4001 MONROE (VLG) | ___0900 MIDDLETOWN | ___(F) 3 TO 6 UNITS | |
| ___4003 HARRIMAN (VLG) | ___1100 NEWBURGH | ___(I) NAT.PERSON/CR. UNION | |
| ___4005 KIRYAS JOEL (VLG) | ___1300 PORT JERVIS | ___(J) NAT.PER-CR.UN/1 OR 2 | |
| | ___9999 HOLD | ___(K) CONDO | |

DONNA L. BENSON
ORANGE COUNTY CLERK

RECEIVED FROM: *Wardenburgh*

RECORDED/FILED
02/09/2005/  09:22:38
County Clerk
DONNA L. BENSON
ORANGE COUNTY, NY

FILE # 2005015000
MORT/BK 11747 PG 0694
SER# CV027062 MTAX 935.00
BASIC 480.00
MTA 215.00
SPECIAL 0.00
SPECIAL ABST 240.00
RECORDING FEES 46.00
Receipt#376879 juls

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 12 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 11 of 22

When recorded mail to:

P.O. BOX 201085
STOCKTON, CA 95202

---

## MORTGAGE

### WORDS USED OFTEN IN THIS DOCUMENT
(A) "Mortgage." This document, which is dated    September    16 ,    2004    , will be called the "Mortgage."
(B) "Borrower."
SLAVKO DUZDEVICH, AN UNMARRIED MAN

whose address is  2523 WALLACE APT 1, BRONX, NY 10467
will sometimes be called the "Borrower" and sometimes simply "I."
(C) "Lender."
LONG BEACH MORTGAGE COMPANY
will be called the "Lender." Lender is a corporation or association which was formed and which exists under the laws of
the State of Delaware.                                                          Lender's address is
1400 S. DOUGLASS RD , SUITE 100
ANAHEIM, CA 92806
(D) "Note." The junior lien note signed by Borrower and dated    September    16 ,    2004    , and extensions
and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $    96,000.00
plus interest, which I have promised to pay in full by    October    1 ,    2034    .
(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the
"Property."

### BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY
I mortgage, grant and convey the Property to Lender subject to the terms of this Mortgage. This means that, by signing
this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to
lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that
might result if I do not:

(A) Pay all the amounts that I owe Lender as stated in the Note;
(B) Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and
Lender's rights in the Property; and
(C) Keep all of my promises and agreements under this Mortgage.

With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is
known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his
property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the
Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a
homestead exemption.

### DESCRIPTION OF THE PROPERTY
I give Lender rights in the following Property:
(A) The property which is located at    139 OLD TUXEDO RD
                                                                        [Street]
WARWICK                                 ,        NY 10950                          , This Property is in
        [City]                                          [State and ZIP Code]
ORANGE                                              County in the State of New York. It has the following legal description:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this
section;
(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These
rights are known as "easements, rights and appurtenances attached to the property";
(D) All rents or royalties from the property described in paragraph (A) of this section; and
(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights
described in paragraphs (B) through (D) of this section that I acquire in the future.

---

NEW YORK · SECOND MORTGAGE · 1/80 · FNMA/FHLMC UNIFORM INSTRUMENT

-76(NY) (9810)                         Page 1 of 6                         Form 3833
                             VMP MORTGAGE FORMS - (800)521-7291

TONY 2NO1 (04/03/04) PG

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 13 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 12 of 22

## SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and
improvements thereon erected, situate, lying and being in the Town of Warwick,
County of Orange, State of New York, being more particularly described as
follows:

BEGINNING at a point on the southeasterly side of Old Tuxedo Road, which said
point of beginning is the northeast corner of premises and the northwest
corner of lands now or formerly of Gerry (L4300/292) and running from said
point of beginning along lands of Gerry South 34 degrees 02 minutes 39
seconds East 365.0 feet to a point; running thence South 58 degrees 28
minutes 00 seconds West 410.0 feet to a point; running thence North 28
degrees 32 minutes 06 seconds West 328.40 feet to a point on the southeasterly
line of Old Tuxedo Road; running thence along said highway on a curve with a
radius of 825.0 feet for a distance of 164.52 feet to a point; thence
continuing along said highway North 50 degrees 02 minutes 20 seconds East
165.30 feet to a point;thence continuing along the same on a curve with a
radius of 475.0 feet for a distance of 49.50 feet to the point or place of
beginning.

Containing 3.087 acres.

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 14 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 13 of 22

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

### UNIFORM PROMISES

I promise and I agree with Lender as follows:

1. **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**

   I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2. **AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**

   (A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance
   I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

   The amount of each of my payments under this Paragraph 2 will be the sum of the following:
   (i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus
   (ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus
   (iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

   Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

   The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

   (B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance
   Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

   Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

   If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

   If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

   When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

Form 3833

LOAN NO. 6287057-7907

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage   Inc. Proof of Claim 5    Pg 15 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 14 of 22

**3. APPLICATION OF BORROWER'S PAYMENTS**

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A)  First, to pay the amounts then due to Lender under Paragraph 2 above;
(B)  Next, to pay interest then due under the Note; and
(C)  Next, to pay principal then due under the Note.

**4. BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY**

I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

**5. BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY**

I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

**6. BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS**

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

**7. LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY**

If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

**8. LENDER'S RIGHT TO INSPECT THE PROPERTY**

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

**9. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 16 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 15 of 22

10. **BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS**

If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

11. **CONTINUATION OF BORROWER'S OBLIGATIONS**

Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

12. **CONTINUATION OF LENDER'S RIGHTS**

Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

13. **LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS**

Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

14. **OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

15. **AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE**

Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

16. **LAW THAT GOVERNS THIS MORTGAGE**

The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs," "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

17. **BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE**

I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

18. **REHABILITATION LOAN AGREEMENT**

I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

25-35268-kyp  Doc 28-2  Filed 01/23/26  Entered 01/23/26 18:56:38  Exhibit B
CitiMortgage  Inc. Proof of Claim 5  Pg 17 of 23
25-35268-kyp  Claim 5  Filed 05/08/25  Pg 16 of 22

19. **AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

## NON-UNIFORM PROMISES

I also promise and agree with Lender as follows:

20. **LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**

If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:

(A)  I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B)  Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:
  (i)  The promise or agreement that I failed to keep;
  (ii)  The action that I must take to correct that failure;
  (iii)  A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;
  (iv)  That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;
  (v)  That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and
  (vi)  That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C)  I do not correct the failure stated in the notice from Lender by the date stated in that notice.

21. **BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED**

Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A)  I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full;

(B)  I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C)  I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D)  I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

22. **LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY**

As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

70(NY) (901-01)
TDNY3MUS (04/03/01) PO

Page 5 of 8

Form 3833

LOAN NO. 8287067-7907

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 18 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 17 of 22

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

**23. LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL.**
When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

**24. AGREEMENTS ABOUT NEW YORK LIEN LAW**
I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

**25. BORROWER'S STATEMENT REGARDING THE PROPERTY.** Check box(es) as applicable.
[X] This Security Instrument covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.
[ ] This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.
[ ] This Security Instrument does not cover real property improved as described above.

<center>

REQUEST FOR NOTICE OF DEFAULT
—————AND FORECLOSURE UNDER SUPERIOR—————
MORTGAGES OR DEEDS OF TRUST

</center>

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage. If the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

By signing this Mortgage I agree to all of the above.
Witnesses:

_____    _____ (Seal)
                                    SLAVKO DUZDEVICH                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

(Sign Original Only)

STATE OF NEW YORK        )
                         )ss.
County of Orange         )

On the 16th day of _____ in the year 2004 before me, the undersigned, a notary public in and for said state, personally appeared

Slavko Duzdevich

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in capacity(ies), and that by his signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Tax Map Information:

Dorothy Foy
Notary Public, State of New York
No. 01FO6587640
Qualified in Orange County
Commission Expires Oct. 21, 20__

Form 3833

LOAN NO. 5287057-7907

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage    Inc. Proof of Claim 5    Pg 19 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 18 of 22



# ORANGE COUNTY – STATE OF NEW YORK
### ANN G. RABBITT, COUNTY CLERK
### 255 MAIN STREET
### GOSHEN, NEW YORK 10924

---

## COUNTY CLERK'S RECORDING PAGE
### ***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***



**Recording:**

| | |
|---|---|
| Recording Fee | 30.00 |
| Cross References | 0.50 |
| Cultural Ed | 14.25 |
| Records Management – Coun | 1.00 |
| Records Management – Stat | 4.75 |

**BOOK/PAGE:** 14788 / 467
**INSTRUMENT #:** 20200042775

**Total:** 50.50
**** NOTICE: THIS IS NOT A BILL ****

**Receipt#:** 2801825
**Clerk:** JM
**Rec Date:** 08/18/2020 11:18:21 AM
**Doc Grp:** RP
**Descrip:** AST
**Num Pgs:** 2
**Rec'd Frm:** LIEN SOLUTIONS

**Party1:** JPMORGAN CHASE BANK
**Party2:** CITIMORTGAGE INC
**Town:** MISCELLANEOUS
61-1-40.23

Payment Type:      Check ___
                   Cash ___
                   Charge ___
                   No Fee ___

Comment: _____

Ann G. Rabbitt
Orange County Clerk

Record and Return To:

ELECTRONICALLY RECORDED BY SIMPLIFILE

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage   Inc. Proof of Claim 5    Pg 20 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 19 of 22

Return to:
LIEN SOLUTIONS
PO BOX 29071
GLENDALE , CA 91209-9071
Phone #: 800-833-5778

Prepared By:
CITIMORTGAGE, INC
KATHI FAULKNER
1000 TECHNOLOGY DRIVE, MS 321
O'FALLON , MO 63368-2240

## ASSIGNMENT OF MORTGAGE

KNOW THAT JPMorgan Chase Bank, National Association , with a mailing address of Current Beneficiary Address: 780 Kansas Lane, Monroe, LA, 71203 . ( Assignor ) in consideration of one dollar ($1.00) and other good and valuable consideration paid hereby assigns unto CitiMortgage, Inc. , whose address is 1000 Technology Drive, O'Fallon, MO, 63368, its rights in a Mortgage bearing the date of 09/16/2004 executed by Stavko Ducolevich to Original Beneficiary Name: Long Beach Mortgage Company , whose address is Original Beneficiary Address: 1400 S. Douglass Rd., Suite 100, Anaheim, CA, 92806, given to secure payment of Loan Amount: $96,000.00 loan, with interest, and recorded in the Office of the Clerk of Orange County  on 02/08/2005  in Book, Volume, or Liber No: 11747 Page: 0694 , covering Premises situated at Property Address: 139 Old Tuxedo Rd, Warwick, NY, 10990, in Orange County, State of New York, designated on the County tax map as Section: 51 Block No: 1 Lot: 40.23.

Town of Warwick
ASSIGNMENT FROM JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST BY PURCHASE FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION DATED 12/12/2018 AND RECORDED 01/31/2019 IN BOOK 14521 PAGE 223.
Pursuant to Section 321 of the Real Property Law, said mortgage has not been further assigned.

THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE MARKET.
IN WITNESS WHEREOF, THE ASSIGNOR HAS EXECUTED THIS ASSIGNMENT THIS
8/10/2020 .

JPMorgan Chase Bank, National Association
(the Assignor)

By:
Name: Tiffany Holmes
Title: Vice President-Doc Execution

STATE OF Louisiana                    Ouachita

On August  10 2020  before me, the undersigned, a notary public in and for said state, personally appeared  Tiffany Holmes , Vice President-Doc Execution  of JPMorgan Chase Bank, National Association personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Eva Reese
Ouachita Parish, Louisiana
Lifetime Commission
Notary Public ID # 17070

Notary Public        Eva Reese

Commission Expires:        Lifetime

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage   Inc. Proof of Claim 5    Pg 21 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 20 of 22

 Wolters Kluwer

 Lien Solutions

# Filing Results

Visit www.liensolutions.com to view your results electronically.

| Deliver To: | **ATTN: JENNIFER SARE** | From: | **SUE CISNEROS** |
|---|---|---|---|
| | **CITIMORTGAGE, INC.** **1000 TECHNOLOGY DRIVE, MS 321** **O'FALLON MO 63368-2240** | | **330 NORTH BRAND BLVD.** **SUITE 700** **GLENDALE, CA 91203** Ph :8003313282 Fax :8186624141 Email: LienSolutions.Mortgages@wolterskluwer.com |

| Date: | 25-Nov-2019 1:59 PM | Order #: | | Item #: | 1 |
|---|---|---|---|---|---|
| Client #: | | | | | |
| Subject: | **Slavko Duzdevich** | | | | |
| Jurisdiction: | NY Orange County | | | | |
| Filing Type: | Real Property Filing / Assignment | | | | |
| Results: | **See Enclosed Rejection from Jurisdiction** | | | | |

DOC TITLE

ASSIGNMENT OF MORTGAGE

**Comments:**

This report contains information compiled from sources which Lien Solutions considers reliable but does not control. Lien Solutions in no way undertakes or assumes any part of the customer's business, legal or similar risks, and does not guarantee the accuracy, completion or timeliness of the information provided, and shall not be liable for any losses or injuries whatever resulting from any contingency beyond its control, or from negligence, regardless of the cause.

25-35268-kyp    Doc 28-2    Filed 01/23/26    Entered 01/23/26 18:56:38    Exhibit B
CitiMortgage   Inc  Proof of Claim 5    Pg 22 of 23
25-35268-kyp    Claim 5    Filed 05/08/25    Pg 21 of 22

| TO: | LIEN SOLUTIONS | DATE: | 11/8/2019 |
|---|---|---|---|
| RE: | DUZDEVICH | DOCUMENT | AST/MTG |

## RECORDED DOCUMENT (S)

### PLEASE RETURN THIS SHEET WHEN SUBMITTING DOCUMENTS
### IN ORDER TO AVOID DELAYS IN PROCESSING

Regretfully, your documents are being returned unrecorded due to the following reason(s), along with your remittance(s) of
*(Please make sure checks are not out-dated when submitting.)*

☐ **PLEASE NOTE: OUR COMPUTER SYSTEM NOW GENERATES A RECORDING PAGE FOR YOUR RECORDING HOWEVER YOUR **MUST** STILL INCLUDE THE $5.00 FEE FOR THE PAGE**

☐ **Section-Block-Lot** *(Tax Map Designation #)* Tax Map Dept. (845) 291-2498 (Listed in left margin of 1st page of document)

☐ Mortgage **Tax Affidavit** (255/253 of NYS Tax Law) must be submitted in duplicate. (The original must be attached to the document and included as a page(s) count in the computation of the recording Fees.)

☐ A mortgage tax clause is required – please choose below which one applies and enter on document.

    ☐ *A. The real property is or will be improved by a one or two family dwelling only.*

    ☐ *B. Premises are improved by a single structure containing no more than 3-6 cooking units.*

    ☐ *C. Premises are improved by more than six cooking units or is commercial property.*

☐ **Record and Return** must appear on document.

☐ The **names** in the caption, signature & notary acknowledgement must match.

☐ **Recording Information** of the original document is missing and/or chain of title is incorrect or incomplete.

☐ The **caption/signature** must include in what capacity the grantor signs, ex: executor, trustee, partner, attorney-in-fact, etc.

☐ **Wrong mortgagee** satisfying/assigning

☐ **Name of company**, partnership or corporation must appear above the signature, and title of officer below.

☐ **DISCHARGE/ASSIGNMENT** of mortgage may be subject to further rejection if recording information is incomplete

☐ **New general** acknowledgement **Mandatory**

☐ **Town/City** location required in property description

☐ **Acknowledgment** incomplete – needs: a.) Venue ☐ b.) Name ☐ c.) Date ☐

☐ **Property NOT** in Orange County, NY

☐ **All signatures** must be acknowledged

☐ **Exhibits** mentioned are **NOT** attached

☐ **Should be dated**

☐ **Submit/Complete** the following NYS form(s)
  ☐ TP-584  ☐ TP-584.1
  ☐ RP-5217  ☐ IT-2663
  ☐ CPF Form Required

☐ **Signature(s)** do not appear to be original

☐ **This document** is unsuitable for scanning
  a.) Type size (8pt minimum) ☐
  b.) Use of poor copy ☐

**OTHER:** Enclose a self-addressed stamped envelope for any information/items you wish returned.

☐ Check(s) **NOT:** ☐ **Enclosed** ☐ **Signed**    ☐ **Payable to Orange County Clerk.**

☐ We REQUIRE a Certified Check, Cash or Money Order **ONLY** for this type of transaction

☐ All personal checks in excess of $250 and **all** counter/starter checks must be certified.

☐ The correct total fee    Your check(s) are **SHORT**
**DUE** _____
*(If attachments are added to the document, the fee will increase $5.00 for each additional page)*    **OVER**

☒ The following additional information is required:

    **MISSING THE MANDATORY 275 CLAUSE REQUIRED FOR ALL ASSIGNMENTS**

    **Failure to include this completed page will result in rejection again. **

                    **INITIAL** _____    **PM**

If you have any further questions, please contact this office at (845) 291-3088



**ANN G. RABBITT**
**Orange County Clerk**
**Goshen, NY 10924**



25-35268-kyp   Doc 28-2   Filed 01/23/26   Entered 01/23/26 18:56:38   Exhibit B
CitiMortgage   Inc. Proof of Claim 5   Pg 23 of 23
25-35268-kyp   Claim 5   Filed 05/08/25   Pg 22 of 22

Return to:
LIEN SOLUTIONS
PO BOX 29071
GLENDALE , CA 91209-9071
Phone #: 800-833-5778

Prepared By:
CITIMORTGAGE, INC
KATHI FAULKNER
1000 TECHNOLOGY DRIVE, MS 321
O'FALLON , MO 63368-2240

## ASSIGNMENT OF MORTGAGE

KNOW THAT  JPMorgan Chase Bank, National Association , with a mailing address of Current
Beneficiary Address: 780 Kansas Lane, Monroe, LA, 71203 , ( Assignor ) in consideration of one dollar
($1.00) and other good and valuable consideration paid hereby assigns unto CitiMortgage, Inc. , whose
address is 1000 Technology Drive, O'Fallon, MO, 63368, its rights in a Mortgage bearing the date of
09/16/2004 executed by Slavko Duzdevich  to Original Beneficiary Name: Long Beach Mortgage
Company , whose address is Original Beneficiary Address: 1400 S. Douglass Rd., Suite 100, Anaheim,
CA, 92806, given to secure payment of Loan Amount: $96,000.00  loan, with interest, and recorded in the
Office of the Clerk of Orange County  on 02/09/2005  in Book, Volume, or Liber No: 11747 Page: 0694 ,
covering Premises situated at Property Address: 139 Old Tuxedo Rd, Warwick, NY, 10950, in Orange
County, State of New York, designated on the County tax map as Section: 61 Block No: 1 Lot: 40.23.

Town of Warwick
ASSIGNMENT FROM JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN
INTEREST BY PURCHASE FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION AS
RECEIVER OF WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST TO LONG BEACH
MORTGAGE COMPANY TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION DATED 12/12/2018
AND RECORDED 01/31/2019 IN BOOK 14521 PAGE 223.
Pursuant to Section 321 of the Real Property Law, said mortgage has not been further assigned.

THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL
PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE
MARKET.
IN WITNESS WHEREOF, THE ASSIGNOR HAS EXECUTED THIS ASSIGNMENT THIS
8/10/2020

JPMorgan Chase Bank, National Association
(the Assignor)

By: _____
Name : _____Tiffany Holmes_____
Title: Vice President–Doc Execution

STATE OF Louisiana                    Ouachita

On August 10 2020 before me, the undersigned, a notary public in and for said
state, personally appeared ____Tiffany Holmes____ , Vice President–Doc Execution of
JPMorgan Chase Bank, National Association personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and
acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on
the instrument, the individual, or the person upon behalf of which the individual acted, executed the
instrument.

Eva Reese
Ouachita Parish, Louisiana
Lifetime Commission
Notary Public ID # 17070

Notary Public        Eva Reese

Commission Expires: _____ Lifetime