| | |
|---|---|
| **ARCHER & GREINER, P.C.**<br>1211 Avenue of the Americas<br>New York, New York 10036<br>(212) 682-4940<br>Allen G. Kadish<br>Paris Gyparakis<br>Email: akadish@archerlaw.com<br>           pgyparakis@acherlaw.com | Hearing Date: February 24, 2026<br>Hearing Time: 10:00 a.m. |

*Counsel to Partnership 92 West, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SLAVKO PEREZ DUZDEVICH,<br><br>                                     Debtor. | Chapter 13<br><br>Case No. 25–35268 (KYP) |

**OBJECTION OF PARTNERSHIP 92 WEST, L.P., TO DEBTOR'S MOTION
TO AVOID CERTAIN LIENS IMPAIRING HOMESTEAD EXEMPTION
PURSUANT TO 11 U.S.C. SECTION 522(f) AND FOR DECLARATORY RELIEF**

Partnership 92 West, L.P. ("**92 West**"), by and through its undersigned counsel, submits this objection to the *Debtor's Motion to Avoid Certain Liens Impairing Homestead Exemption Pursuant to 11 U.S.C. Section 522(f) and for Declaratory Relief* [Doc. No. 28] (the "**Motion**") filed by Slavko Perez Duzdevich (the "**Debtor**"), and in support thereof, respectfully represents as follows:

**BACKGROUND**

**A.    The Chapter 13 Case**

1.    On March 14, 2025 (the "**Petition Date**"), the Debtor petitioned this Court for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") commencing this case in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. On the Petition Date, Thomas C. Frost (the "**Trustee**") was appointed as chapter 13 trustee, duly qualified and is serving as the chapter 13 trustee in this case.

3. On July 23, 2025, the Trustee filed a motion to dismiss this case pursuant to section 1307 of the Bankruptcy Code [Doc. No. 14] (the "**Motion to Dismiss**") on the basis that, *inter alia,* the Debtor's proposed Chapter 13 plan is not feasible and not adequately funded to provide for the payment of secured claims as required by section 1325(a)(5) of the Bankruptcy Code. *See* Motion to Dismiss ¶ 3.

4. The Debtor has since filed an amended chapter 13 plan [Doc. No. 15], yet the Motion to Dismiss remains pending before the Court. *See Notice of Adjournment of Hearing on Motion to Dismiss* [Doc. No. 30].

**B.    The Judgment Lien**

5. Prior to the Petition Date, on June 28, 2022, 92 West commenced an action against the Debtor in the New York County Supreme Court (the "**State Court**") styled, *Partnership 92 West, L.P. v. Pro Smile Dental Services, LLC et al* (Index No. 657027/2022) (the "**State Court Action**"), on account of the Debtor's obligations under a commercial real estate lease.

6. On March 6, 2024, the State Court entered a judgment (the "**Judgment**") in favor of 92 West and against the Debtor in the amount of $345,159.77 in the State Court Action, and a copy of the Judgment was docketed in the New York County Clerk's office shortly thereafter (the "**Judgment Lien**"). A copy of the Judgment is annexed hereto as **Exhibit A**.

7. On May 23, 2025, 92 West timely filed a secured proof of claim (Claim No. 10) against the Debtor in the amount of $376,990.12, on account of its Judgment Lien plus post-judgment interest at 9% through the Petition Date in accordance with CPLR §5004. A copy of 92 West's Proof of Claim is annexed hereto as **Exhibit B**.

2

8.  On January 23, 2026, the Debtor filed the Motion. For the reasons discussed below, the Motion should be denied.

## OBJECTION

**I.  THE DEBTOR HAS NOT MET HIS BURDEN UNDER SECTION 522(f)**

9.  Under section 522(f)(1)(A) of the Bankruptcy Code, "a debtor may avoid the fixing of a lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien." *In re Armenakis*, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009) (*citing In re Wilding,* 475 F.3d 428, 431 (1st Cir. 2007)).

10.  "The debtor bears the burden of proof by a preponderance of the evidence on every element of [§] 522(f)." *In re Banner,* 394 B.R. 292, 300 (Bankr. D. Conn. 2008).

**A.  The Debtor Has Not Claimed a Homestead Exemption on His Schedules**

11.  New York courts require a debtor seeking to invoke section 522(f) to have claimed the homestead exemption on their schedules of assets and liabilities. *See In re Wallace*, 453 B.R. 78, 82 (Bankr. W.D.N.Y. 2011) (a New York State debtor must actually claim a homestead exemption on Schedule C in order to utilize the avoidance provisions of Section 522(f)); *In re Meza,* 2015 WL 794288, at *1 (Bankr. E.D.N.Y. Feb. 19, 2015) ("This Court has previously held that, in order for a debtor to avoid a judicial lien under § 522(f), the debtor must (1) actually claim a homestead exemption in the property in an amount certain, (2) correctly state the amount actually claimed on Schedule C in the motion, and (3) claim a homestead exemption sufficient to exempt all equity in the property net of non-avoidable liens") (*citing In re Schneider,* 2013 WL 5979756, at *11–13 (Bankr. E.D.N.Y. Nov. 8, 2013)); *In re Coppola*, 2013 WL 3794098, at *2 (Bankr. E.D.N.Y. July 18, 2013)). *See also In re Church,* 2009 WL 3754399, at *1 (Bankr. D. Mass. Nov.

3, 2009) (where a debtor has not claimed an exemption in the property, subject to the judicial lien, there is nothing for section 522(f) to protect).

12. The Debtor has not claimed a homestead exemption on his Schedule C (*See* Doc. No. 1 at 16) and therefore does not qualify for relief under section 522 of the Bankruptcy Code.[1]

### B. The Judgment Lien is Only Voidable to the Extent It Impairs the Debtor's Homestead

13. Through the Motion, the Debtor seeks to avoid all judgment liens by way of declaratory relief from this Court without any analysis or application of the statutory formula.

14. When a debtor seeks to avoid more than one judicial lien, "a debtor **must perform a separate** calculation under § 522(f)(2)(A) for each judicial lien that a debtor seeks to avoid." *In re Derocha,* 2014 WL 116534 (Bankr. D.R.I. 2014) (emphasis added). Courts typically begin with the most junior lien and work upward, eliminating each avoided lien from subsequent calculations. *See, e.g., In re Heaney,* 453 B.R. 42, 48 (Bankr. E.D.N.Y. 2011) (*citing* 4 COLLIER ON BANKRUPTCY 522.11[3] n. 14 (Alan N. Resnick & Henry J. Sommer eds., 16th Ed.)).

15. Moreover, avoidance of a judicial lien under § 522(f) is not an "all-or-nothing matter." *See In re Condon*, 2011 WL 3879483, at *2 (Bankr. E.D.N.Y. Aug. 30, 2011) (*citing In re Barrett,* 370 B.R. 1 (Bankr. D. Me. 2007)).

16. Rather, "[t]o the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided." *Id.*; *In re Vizentinis,* 175 B.R. 824, 827 (Bankr. S.D.N.Y. 1994) ("the judicial lien survives only to the extent that a debtor's equity results in a surplus after deducting the

---

[1] Instead, the Debtor is attempting to avoid judgment liens under New York law for purposes of the Motion only, and simultanouslty claim the federal exemptions on his Schedule C, presumably to be able claim the entire amount of the "wildcard" exemption under section 522(d)(5) of the Bankruptcy Code. This alone is sufficient grounds to deny the Motion. *See In re Coppola,* 2013 WL 3794098, at *3 (Bankr. E.D.N.Y. July 18, 2013) ("Debtor must make a decision as to which exemption he wishes to pursue, but New York law and the Bankruptcy Code will not allow him to claim both").

4

homestead exemption"); s*ee also FDIC v. Finn (In re Finn)*, 211 B.R. 780, 783 (BAP 1st Cir. 1997) ("it would be inconsistent with the policy of exemptions to permit the Debtor–Appellee to avoid the lien in full despite the existence of non-exempt equity to which the lien could attach because the Debtor–Appellee would in effect be getting an unlimited exemption").

17. Liens can be avoided under section 522(f) of the Bankruptcy Code when the sum of all liens on the property and the value that the debtor could claim as exempt (were there no liens) exceed the value of the debtor's interest in the property in the absence of any liens. *In re Culver*, 2025 WL 2965047, at *4 (Bankr. S.D.N.Y. Oct. 17, 2025) ("The statute provides a formula").

18. Here, accepting (for sake of argument) the Debtor's valuation of $569,000, the value of all liens ($726,904.28) plus the homestead ($170,000) exceeds the value of the property in the absence of any liens.

19. However, since the Judgment Lien could only impair the Debtor's homestead exemption of $170,000, only that portion (if any) of the Judgment Lien can be avoided under section 522(f). The Debtor doesn't show the proposed reductions as is required. *See, e.g., Derocha*, *above*. The Debtor's attempt to avoid the entire amount of the Judgment Lien is unwarranted and that alone too should suffice to deny the Motion.

## II. THE COURT SHOULD ADJOURN THE HEARING ON THE MOTION PENDING THE COURT'S RULING ON THE MOTION TO DISMISS

20. Finally, 92 West submits that, in light of the Trustee's pending Motion to Dismiss, the hearing on the Motion should be adjourned pending the Court's ruling on the fiduciary's Motion to Dismiss. If granted, dismissal would moot the Motion.

**CONCLUSION**

WHEREFORE, inasmuch as the Debtor does not qualify for relief as requested and seeks relief in such a way that that the Court could not possibly consider granting it, 92 West respectfully requests (i) that the Court deny the Motion, or, alternatively, adjourn it pending disposition of the Trustee's Motion to Dismiss, and (ii) such other and further relief as may be just and proper.

Dated: New York, New York  **ARCHER & GREINER, P.C.**
February 20, 2026  *Counsel to Partnership 92 West, L.P.*

By: /s/ *Allen G. Kadish*
    Allen G. Kadish
    Paris Gyparakis
1211 Avenue of the Americas
New York, New York 10036
(212) 682-4940
(856) 795-0574 Facsimile
Email: akadish@archerlaw.com
       pgyparakis@acherlaw.com

231728460 v5

**EXHIBITS**

**A**  Judgment

**B**  Proof of Claim