**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

In re:

SLAVKO PEREZ DUZDEVICH

        Debtor.

----------------------------------------------------------------x

Chapter 13

Case No. 25-35268 (KYP)

## MEMORANDUM DECISION AND ORDER
## DENYING DEBTOR'S MOTION TO AVOID JUDICIAL LIENS

**APPEARANCES:**

UGELL LAW FIRM, P.C.
*Counsel for the Debtor*
151 North Main Street, Suite 202
New City, NY 10956
By:    Scott B. Ugell, Esq.
           Of Counsel

ARCHER & GREINER, P.C.
*Counsel for Partnership 92 West, L.P.*
1211 Avenue of the Americas
New York, NY 10036
By:    Allen G. Kadish, Esq.
        Paris Gyparakis, Esq.
           Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

### INTRODUCTION

Chapter 13 debtor Slavko Perez Duzdevich ("Debtor") moves under 11 U.S.C. § 522(f) ("Motion")[1] to avoid judicial liens held by Partnership 92 West, L.P. ("92 West") and Cavalry SPV I, LLC ("Cavalry") on the basis that the liens impair his homestead exemption over real property located at 139 Old Tuxedo Road, Monroe, New York ("Property").  92 West opposes the Motion.[2]  For the reasons stated, the Motion is DENIED.

### BACKGROUND

**A.      The Property**

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 14, 2025 ("Petition Date").  The Debtor owns the Property in fee simple and values it at $569,000.00.  (*Schedule A/B: Property*, Part 1, docketed on Mar. 14, 2025 (ECF Doc. # 1).)  The Property is encumbered by a first mortgage in the amount of $269,399.52 held by Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 ("First Mortgage Claim"), and a second mortgage in the amount of $54,827.22 held by CitiMortgage, Inc. ("Second Mortgage Claim").  (*See* Claim Nos. 5-1 & 6-1.)

---

[1]      *See Debtor's Motion to Avoid Certain Liens Impairing Homestead Exemption Pursuant to 11 U.S.C. Section 522(f) and for Declaratory Relief*, dated Jan. 23, 2026 ("Debtor Brief") (ECF Doc. # 28); *see also Affirmation of Scott B. Ugell in Objection of Partnership 92 West, L.P., to Opposition to the [Debtor's] Motion to Avoid Certain Liens [Impairing] Homestead Exemption Pursuant to 11 U.S.C. Section 522(f) and for Declaratory Relief*, dated Mar. 4, 2026 (ECF Doc. # 40).  "ECF Doc. # _" refers to documents filed on the electronic docket of this bankruptcy case.

[2]      *See Objection of Partnership 92 West, L.P., to Debtor's Motion to Avoid Certain Liens Impairing Homestead Exemption Pursuant to 11 U.S.C. Section 522(f) and for Declaratory Relief*, dated Feb. 20, 2026 ("92 West Brief") (ECF Doc. # 33); *Letter of Allen G. Kadish*, docketed on Mar. 19, 2026 ("92 West Supp. Letter") (ECF Doc. # 48).

When the Debtor initially filed his bankruptcy schedules, he did not claim a homestead exemption for the Property. (*See Schedule C: The Property You Claim as Exempt*, Part 1, docketed on Mar. 14, 2025 (ECF Doc. # 1).) In its opposition to the Motion, 92 West highlighted this omission and cited cases supporting the proposition that a debtor may not avoid a lien under 11 U.S.C. § 522(f) on property for which the debtor has not claimed an exemption. (*See* 92 West Brief at 3-5.) In response, the Debtor amended his bankruptcy schedule to claim an exemption for the Property in the amount of $170,700.00 pursuant to section 5206 of the New York Civil Practice Law and Rules ("N.Y. CPLR"). (*See Schedule C: The Property You Claim as Exempt*, Part 1, docketed on Mar. 4, 2026 (ECF Doc. # 39).)

## B. The Judicial Liens

Prior to the Petition Date, 92 West obtained a judgment in the amount of $345,159.77, plus interest, in the Supreme Court of the State of New York, County of New York, jointly and severally against the Debtor and an entity called Pro Smile Dental Services, LLC d/b/a Prosmile, Inc. ("92 West Judgment").[3] The 92 West Judgment was docketed by the New York County Clerk's Office on March 6, 2024. (*See* 92 West Judgment.) 92 West filed a corresponding proof of claim in this bankruptcy case in the amount of $376,990.12 representing the judgment amount plus post-judgment interest ("92 West Claim").[4] 92 West asserted a security interest against the Debtor's real

---

[3]    A copy of the 92 West judgment is attached to the 92 West Brief as Exhibit A.

[4]    A copy of the 92 West Claim is attached to the 92 West Brief as Exhibit B.

3

property in the form of a judicial lien under N.Y. CPLR § 5203(a).[5] (*See* 92 West Claim, Part 2.)

Cavalry obtained a judgment against the Debtor in the amount of $30,517.77 in the Supreme Court of the State of New York, County of Orange ("Cavalry Judgment").[6] The Cavalry Judgment was docketed by an Orange County Acting Deputy Clerk on October 3, 2023. (*See* Cavalry Judgment.) Cavalry filed a corresponding proof of claim in this bankruptcy case in the amount of $31,400.70 representing the judgment amount plus interest and other charges ("Cavalry Claim"). (*See* Claim No. 3-1.) Cavalry also asserted a security interest in the form of a judicial lien. (*See* Cavalry Claim, Part 2.)

## C.    The Instant Motion

On January 23, 2026, the Debtor moved to avoid the judicial liens securing the 92 West Claim and Cavalry Claim on the basis that the liens impair the Debtor's homestead exemption within the meaning of 11 U.S.C. § 522(f). As mentioned *supra*, the basis of 92 West's initial objection was that the Debtor had failed to claim a homestead exemption for the Property, but that issue was resolved through the Debtor's amendment to his exemption schedule. Following hearings held on February 24 and March 24, 2026, a new point of contention emerged between the parties. As stated above, the 92 West Judgment was docketed in New York County, but the Property is

---

[5]    N.Y. CPLR § 5203(a) provides:

Priority and lien on docketing judgment. No transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor either from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after filing of the judgment-roll, or from the time of the filing with such clerk of a notice of levy pursuant to an execution until the execution is returned . . . .

[6]    A copy of the Cavalry Judgment is attached to the Debtor Brief as Exhibit D.

located in Orange County.  92 West argued that its lien does not impair the Debtor's

homestead exemption – and is therefore not subject to avoidance under section 522(f) –

because it was not docketed in the county where the Property is located.  The Court

permitted the parties to make supplemental submissions on this issue and took the

matter under advisement.

## DISCUSSION

### A.      92 West's Lien is Not Subject to Avoidance Under Section 522(f)

Section 522(f)(1)(A) of the Bankruptcy Code provides that "the debtor may avoid

the fixing of a lien on an interest of the debtor in property to the extent that such lien

impairs an exemption to which the debtor would have been entitled under subsection

(b) of this section, if such lien is a judicial lien . . . ."  11 U.S.C. § 522(f)(1)(A).  "The

purpose of allowing avoidance of such liens is to protect the debtor's exemptions, his

discharge, and thus his fresh start."  *Marine Midland Bank v. Scarpino* (*In re*

*Scarpino*), 113 F.3d 338, 340 (2d Cir. 1997) (quoting S.Rep. No. 95–989, at 76

(1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5862) (internal quotation marks and

alteration omitted).  "The debtor bears the burden of proof by a preponderance of the

evidence on every element of § 522(f)."  *In re Armenakis*, 406 B.R. 589, 604 (Bankr.

S.D.N.Y. 2009) (citation, internal quotation marks, and alteration omitted).

A prerequisite to a motion under section 522(f) is a determination that the

creditor has a valid lien over the exempt property.  *Wiget v. Nielsen* (*In re Nielsen*), 197

B.R. 665, 667-68 (B.A.P. 9th Cir. 1996) ("The first step is to utilize state law in deciding

whether a valid judicial lien attached to the debtor's property."); *In re McCoy*, Case No.

16-00363, 2020 WL 1189374, at *2 (Bankr. D.D.C. Mar. 11, 2020) ("avoidance under

§ 522(f)(1)(A) is unavailable when no lien attached to the property prepetition . . . ."); *In*

5

*re Hamilton*, 286 B.R. 291, 293 (Bankr. D.N.J. 2002) ("Lien avoidance cannot occur if there is no lien which has attached to the Debtor's property as of the time of the bankruptcy filing which is subject to avoidance.") (internal quotation marks, citation, and alterations omitted).

92 West does not have a lien over the Property. Under N.Y. CPLR § 5203(a), a judicial lien over real property is effective when the judgment is docketed "with the clerk of the county in which the property is located . . . ." *Accord In re 650 Fifth Ave. & Related Props.*, Case No. 08-cv-10934 (KBF), 2015 WL 996387, at *3 (S.D.N.Y. Mar. 6, 2015) ("Under New York law, a judgment creditor secures a lien against the judgment debtor's real property by causing the judgment to be docketed in the county where the real property is located."). Here, the 92 West Judgment was docketed in New York County; it was not docketed in Orange County where the Property is located. Since 92 West does not have a lien over the Property, its lien is not subject to avoidance under section 522(f).[7]

## B.   Cavalry's Lien Does Not Impair the Debtor's Homestead Exemption

Unlike 92 West, the Cavalry Judgment was docketed in Orange County. Therefore, Cavalry has a valid judicial lien over the Property. A lien will be found to "impair" an exemption where the sum of the following three amounts – (1) the lien subject to the avoidance motion, (2) all other liens on the exempt property, and (3) the amount of the exemption that the debtor could claim if there were no liens on the property – exceeds the value that the debtor's interest in the property would have been

---

[7]   According to his bankruptcy schedules, the Debtor does not own any real property in New York County. Thus, it is unclear what effect, if any, 92 West's judicial lien has on the Debtor's bankruptcy case. That issue is not before the Court in the instant Motion.

6

in the absence of any liens.  11 U.S.C. § 522(f)(2)(A); *see Taylor v. Taylor* (*In re Taylor*), 233 B.R. 639, 642 (S.D.N.Y. 1999).

Here, Cavalry's lien does not impair the Debtor's homestead exemption.  The sum of the three amounts set forth in section 522(f)(2)(A)(i) – (iii) is:

| | |
|---|---|
| Cavalry's judicial lien | $31,400.70 |
| All other liens on the Property | $324,226.74[8] |
| Amount of the homestead exemption | $170,700.00 |
| **TOTAL** | **$526,327.44** |

As stated, the value of Property without any liens is $569,000.00.  Thus, Cavalry's judicial lien does not impair the Debtor's homestead exemption because the sum of the three amounts in section 522(f)(2)(A)(i) – (iii) ($526,327.44) *does not* exceed the value of the Property without liens ($569,000.00).

### CONCLUSION AND ORDER

For the reasons stated, it is ORDERED that the Motion is DENIED.

**Dated: April 22, 2026**
**Poughkeepsie, New York**



**/s/ Kyu Y. Paek**
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**

---

[8]  This amount represents the sum of the First Mortgage Claim ($269,399.52) and the Second Mortgage Claim ($54,827.22).